In the Matter of the Claim of HENRY SCHAEFER, Respondent, against BUFFALO STEEL CAR COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued April 15, 1929; decided April 23, 1929.)

*Clarence B. Tippett* for appellants. The awards and findings of and for decreased earnings are in conflict with the provisions of the Workmen's Compensation Law, constitute legal error and merit reversal. (*Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Hinley* v. *Brooklyn Heights Railroad Co.*, 243 N. Y. 52; *Hoffman* v. *Chatham Electric Light Co.*, 249 N. Y. 433; *Pinski* v. *Superior Fireproof Door & Sash Co.*, 209 App. Div. 305; *Gefers* v. *N. Y. Window Cleaning Co.*, 224 App. Div. 792; 249 N. Y. 433.)

*Merritt N. Baker* for claimant, respondent. After making a schedule award and contemporaneously ordering the continuance of the case for restoration of the claim to the hearing calendar after the expiration of the schedule period, and after payment of such schedule award in full, the Board has the power to rescind such previous schedule award and make an award for permanent partial disability under paragraph u, subdivision 3 of section 15, dating from the day of accident and crediting the employer with all previous payments made. (*Schaefer* v. *Buffalo Steel Car Co.*, 221 App. Div. 808; *Draper* v. *Draper & Sons, Inc.*, 201 App. Div. 770; *Crisco* v. *Edgewater Saw Mills Co.*, 198 App. Div. 458; *Soltar* v. *Neuglass & Co.*, 228 N. Y. 508; *Mosher* v. *Carlton*, 207 App. Div. 84; *Tolloid* v. *Hopeman & Sons Co.*, 209 App. Div. 719; *Kriegbaum* v. *Buffalo Wire Works Co., Inc.*, 182 App. Div. 448; *Pollucci* v. *Emerson Norris Co.*, 195 App. Div. 805.)

*Hamilton Ward, Attorney-General* (*E. C. Aiken* of counsel), for State Industrial Board, respondent.

POUND, J. Claimant received a schedule award for temporary partial disability due to loss of the use of an arm, 202.8 weeks disability at $20 per week, total $4,056.00. (Workmen's Compensation Law [Cons. Laws, ch. 67], § 15, subd. 3, par. s.) The disability period expired on or about August 9, 1925, when this award had been paid in full. Thereafter the case was reopened and, it appearing claimant was suffering from combined injuries to both arm and back, an award was made for permanent partial disability under paragraph u of the same subdivision of section 15, which reads as follows:

" u. Other cases. In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter

in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the board on its own motion or upon application of any party in interest."

The award dated from the time of the accident and the employer and insurance carrier were credited on such award with all payments made under the schedule award. A schedule award for temporary partial disability is for a definite limited period of weeks but under the omnibus clause (u), covering multiple injury cases, the compensation is payable during the continuance of the partial disability.

Appellants contend that the Commission was without power to make the award.

Workmen's Compensation Law, section 123, provides:

" § 123. Jurisdiction of department to be continuing. The power and jurisdiction of the department over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just."

This section has been given a broad and liberal construction. The State Industrial Board after making an award as compensation for an injury may reopen the case at any time and make a further award when in its opinion the ends of justice require such action (*Matter of Eggleston* v. *Shinola Co.*, 229 N. Y. 622; *Matter of Tolloid* v. *Hopeman & Sons Co.*, 240 N. Y. 550), subject to such limitations as may be found elsewhere within the statute.

Appellants urge that such a limitation is found in Workmen's Compensation Law, section 22, which at the time of the award in question read as follows:

" § 22. Modification of award. Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the board may at any

time review any award, decision or order and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys already paid, except that an award for increased wages under subdivision five of section fourteen may be made effective from date of injury."

The reference to increased wages under subdivision 5 of section 14 deals with the method of arriving at the average weekly wages of employees who were minors when injured.

When the award is modified " on the ground of a change in conditions " it cannot affect any moneys already paid. (*Matter of Salotar* v. *Neuglass & Co.*, 228 N. Y. 508.) The increased or diminished award may not take effect prior to the date of the new award, but the period of compensation as defined by section 15 is not affected by this limitation when it appears that the original award was based on a mistake of fact as to the nature of the injuries. Here the findings of the Board are not based on a change in the condition of the claimant, but on the basis of an award improper in its inception. Claimant sustained multiple injuries and should have had an award under paragraph u of subdivision 3 of section 15 and not a schedule award.

Appellants further contend that the action of the Board amounts to a reclassification of disabilities which could be made only under the provisions of section 15, paragraph 6-a, added by chapter 557 of the Laws of 1927, in effect July 1, 1927, which reads as follows:

" 6-a. Reclassification of disabilities. The Board may, within one year from the date of accident, upon its own motion, or on application of any party in interest, reclassify a disability upon proof that there has been a

change in condition, or that the previous classification was erroneous and not in the interest of justice."

The application of this provision depends on the meaning of the words " reclassify a disability." Workmen's Compensation Law, section 15, classifies disabilities generally as (1) permanent total disability; (2) temporary total disability; (3) permanent partial disability; (4) temporary partial disability. Under these " classes of disability " schedules of compensation are established. Section 15, subdivision 3, paragraph u, refers to all other cases " in this class of disability," *i. e.*, the class of permanent partial disability. The classification of disabilities refers, not to the schedule period of compensation within a class, but to the general classification as thus indicated. That is to say, a change of the period of compensation within a class may be made but the injuries may not be reclassified by a change, for example, from the class designated as temporary partial disability to the class designated as permanent total disability, or *vice versa*, except within a year from the date of the accident. No change of classification has been made in this case.

Section 22 was amended by chapter 754 of the Laws of 1928 after the award herein was made so as to permit a review of an award on " proof of erroneous wage rate " as well as " on the ground of a change in conditions," but the amendment does not affect the construction of the section as hereinbefore set forth.

The order should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.