In the Matter of the Claim of WILLIAM G. ORTON, Respondent, against OLDS MOTOR WORKS and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 27, 1930.

*Barnett Cohen* [*William E. Lyons* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

HINMAN, Acting P. J.   It is claimed that the State Industrial Board was without power to permit claimant to file his claim for compensation after the expiration of one year from the date of his accident.  The claimant was injured on February 14, 1928.  At that time section 28 of the Workmen's Compensation Law (as amd. by Laws of 1925, chap. 658) provided that the right to claim compensation should be barred unless within one year after the accident a claim for compensation was filed with the Commissioner.  This section was amended by chapter 754 of the Laws of 1928, effective July 1, 1928, by adding this provision: "The Board may, however, by unanimous vote of the members qualified to act, permit the filing of a claim for compensation after the expiration of one year from the date of accident, but not exceeding two years after the date of such accident, when it shall find that such filing shall be in the interest of justice; and may order a hearing and make such award or decision on such claim as though the claim for compensation had been filed within the time prescribed in this section."   The claimant did not file his claim until March 6, 1929.   The objection to the failure to file the claim within one year after the accident was raised by the carrier at the first hearing.   The Board extended the time to March 9, 1929, in the interest of justice.

The employer and carrier appeal from the award thereafter made to claimant, urging as the sole ground of appeal that the Board had no right to apply the power conferred upon it by the amendment of 1928 to claims which had already accrued when the amendment went into effect. We see no reason why the amendment should not apply to claims accrued, but not extinguished. (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213, 216; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 id. 261, 270.) This claim had not been extinguished at the time the amendment went into effect. The year for filing a claim did not expire until the following February. The amendment became a part of the provisions of the statute dealing with rules of limitation in the prosecution of a claim, affecting the remedy only and not the substantive right to compensation. The period of limitation, though it had begun to run, could be extended by the Board.

The award should be affirmed.

DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Award affirmed, with costs to the State Industrial Board.