STRAUS, Appellant, vs. WISCONSIN TAX COMMISSION and another, Respondents.

*February 5—April 29, 1930.*

*Maurice Weinstein,* attorney, and *B. F. Saltzstein* of counsel, both of Milwaukee, for the appellant.

For the respondents there was a brief by the *Attorney General, Theo. W. Brazeau* of Wisconsin Rapids, special counsel for the Tax Commission, *George A. Bowman,* district attorney of Milwaukee county, and *Robert R. Freeman,* special counsel for Milwaukee county, and oral argument by *Mr. Brazeau.*

A brief was also filed by *Lines, Spooner & Quarles* and *Maxwell H. Herriott,* all of Milwaukee, as *amici curiæ.*

The following opinion was filed March 4, 1930:

STEVENS, J. Under the rule of *Miller v. Wis. Tax Comm.* 195 Wis. 219, 217 N. W. 568, the additional income tax

was erroneously assessed, because the transfer to the corporations was in fact a mere exchange of property by which Mr. Straus traded leases and property for the stock of corporations, whose assets consisted of the property and leases transferred. The only question presented is whether appellant has lost his right to relief by failure to make claim therefor within the time fixed by statute.

The claim was filed under the statutes. The rights of appellant must therefore be determined by reference to the statutes. The legislature has prescribed the remedy of the taxpayer who is compelled to pay a tax which he claims to be unlawful. Unless the taxpayer follows the procedure prescribed and acts within the time fixed by statute, he loses his right to claim a refund. Statutes of limitation bar practically every right to pecuniary relief possessed by the individual. Claims against the government for the refund of the taxes paid are barred if not presented within the prescribed time, just as claims against the individual are rendered unenforceable by the running of the statute.

The tax was paid in January, 1925. At that time sub. (1) of sec. 74.73 of the Statutes of 1923 provided that claims for refunds must be filed and action to question the tax brought within one year from the date of its payment. This year would have expired in January, 1926. But before the expiration of that year sec. 71.26 of the Statutes of 1925 extended the time for filing claims to two years from the date when the tax was paid, thus extending the time within which the appellant could file his claim to January, 1927, "and not thereafter," to quote the words of that statute. It thus appears that appellant had lost all right to question this additional tax before his claim was filed in May, 1928.

But appellant asserts that, by the enactment of sec. 71.17 of the Statutes of 1927 by ch. 539, Laws of 1927, the legislature has revived his right to question the additional income tax assessed in 1924. The fact that ch. 539, Laws of

1927, repealed sec. 71.26 of the Statutes of 1925, does not evidence a legislative intent to remove the bar that had rendered the assessment here in question final and conclusive under the provisions of that statute before it was repealed.

The legislature could doubtless raise the bar of the statute. The question is, Has it done so by the passage of the act of 1927? The act contains no express statement of such an intent. The court finds nothing in the act that discloses an intent to give sec. 71.17 of the Statutes of 1927 retroactive effect. Ch. 539, Laws of 1927, was a revision of the income tax laws, which looked to the future, not to the past. In the absence of some expression of a legislative intent to toll the running of the statute which had made the assessment here in question final and conclusive before sec. 71.17 of the Statutes of 1927 was passed, it must be held that the refunds referred to in sub. (2) and (3) of sec. 71.17 of the Statutes of 1927 are for taxes based on assessments that have not become final and conclusive either under that section of the statutes or under the statutes in force prior to the enactment of sec. 71.17 of the Statutes of 1927. The assessment here in question had become final and conclusive before the 1927 statute was passed.

Inasmuch as sec. 71.17 of the Statutes of 1927 cannot apply to this case, no question is presented as to the validity of this section. The case does not involve the right to reassess under sec. 71.11 of the Statutes of 1927. The question whether a taxpayer may still proceed by suit at common law to recover the tax is not involved in this case, because the appellant has chosen to file his claim under the statute.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on April 29, 1930.