In the Matter of the Claim of ANNA DAVIS, Respondent, against HENRY W. RUST and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 14, 1931.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*William M. Fay* of counsel], for the appellants.

*Hamilton Ward, Attorney-General,* for the State Industrial Board.

*Israel Rumizen,* for the claimant.

HINMAN, J. This appeal by the employer and insurance carrier involves waiver of claimant's failure to file a death claim within one year after death and also the authority of the Board to extend the period of filing a death claim under section 28 of the Workmen's

Compensation Law as it read during the year following January 10, 1928, the date of death of the deceased employee.

On September 20, 1927, the deceased sustained an industrial accident. He never worked thereafter. He filed a claim for compensation. He became steadily worse and died January 10, 1928, as a result of the injury. Hearings were held on the disability claim both before and after his death. The parties seemed willing to compromise and settle as indicated at a hearing held April 4, 1928. At the next hearing, held August 15, 1928, all parties being present, the insurance carrier's attorney remarked: " There is a question of causal relation involved in this case and they submitted a proposition of $400 to dispose of the entire matter, covering any disability and death claim arising out of accident of September 20, 1927." The claimant's attorney, in the presence of claimant, agreed that the amount was acceptable. The settlement was ratified by the referee who concluded his remarks as follows: " This covers all present and future compensation and takes care of the death calendar." The case was closed on that basis. Of this amount of $400 thus paid, the sum of $243.33 was for disability and the balance was in compromise of the death claim. On March 2, 1929, a formal death claim was filed by the widow and a hearing was held thereon on April 6, 1929, resulting in a further award from which this appeal is brought. All parties were represented. The insurance carrier raised the objection that the claim was not filed within a year of the date of death, that all prior hearings were on the disability claim and that this was the first hearing on the death claim. The State Industrial Board has unanimously voted to extend the time of filing the death claim beyond one year from the date of accident, namely, from September 20, 1927, to March 2, 1929 — a period of less than two years. The Board has also held that the hearing of August 15, 1928, was a hearing involving the death claim as well as the disability claim and that the appellants waived the bar of the statute by their failure to raise the objection at the first hearing on said death claim at which all parties in interest were present.

Section 28 of the Workmen's Compensation Law was amended by chapter 754 of the Laws of 1928, which added the following provision thereto: " The Board may, however, by unanimous vote of the members qualified to act, permit the filing of a *claim for compensation* after the expiration of one year from the *date of accident*, but not exceeding two years after the *date of such accident*, when it shall find that such filing shall be in the interest of justice; and may order a hearing and make such award or decision on

such claim as though the claim for compensation had been filed within the time prescribed in this section." By chapter 316 of the Laws of 1930 this provision of section 28 was amended by adding the words " or death " after the words " date of accident " and " date of such accident."

If the 1928 amendment was intended to cover death claims, it is no defense to its application to this case to say that it was not effective until July 1, 1928, about six months after the date of this decedent's death. One year from death had not expired. (*Orton* v. *Olds Motor Works*, 229 App. Div. 46.) The question which arises is whether the 1928 amendment referred to disability claims only. It seems tenable to me to hold that it referred to death claims also. Subdivision 6 of section 2 of the Workmen's Compensation Law defines the term " compensation " to mean " the money allowance payable to an employee *or to his dependents* as provided for in this chapter, and includes funeral benefits provided therein." The 1928 amendment of section 28 does not use the expression, " permit the filing of a disability claim," but says " permit the filing of a claim for *compensation*." That term, as above quoted, includes an allowance for death benefits. There is nothing in the 1928 amendment inconsistent with such an interpretation. In a death case the extension of time could be as readily figured from the date of accident as from the date of death and would be available to grant relief unless death happened to occur more than two years after the date of accident. It is not reasonable to suppose that dependents were not contemplated in the 1928 amendment. It is much more reasonable to suppose that the Legislature in 1930 found that the original amendment did not fully cover death claims and that it was amended to cover cases of protracted disability resulting in death after the two-year period figured from the date of accident. It is our opinion that the Board had authority to extend the period for filing the claim and it, therefore, becomes unnecessary to decide the question of waiver.

The award should be affirmed, with costs to the State Industrial Board.

All concur.

Award affirmed, with costs to the State Industrial Board.