In the Matter of the Claim of TONY VINCENT, Respondent, against ALLERTON HOUSE COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Submitted May 12, 1931; decided June 9, 1931.)

*William E. Lyons* and *Barnett Cohen* for appellants. The Industrial Board was without power to make the award. (*Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507; *Jacobus* v. *Colgate*, 217 N. Y. 235.)

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* and *E. C. Aiken* of counsel), for respondent.

KELLOGG, J. The claimant, who had theretofore lost his right eye, sustained an injury through an accident occasioned by his employment, whereby the vision of his left eye was impaired. In the year 1927 he was awarded compensation, as for a permanent partial disability (Workmen's Compensation Law; Cons. Laws, ch. 67, § 15, subd. 3) on the basis of a sixty per cent loss of use of his left eye, which was thereafter paid in full. The case was reopened in the year 1929, when it was found that his loss was eighty per cent of vision, or, under the statute (§ 15, subd. 3-p), a total loss of use of the left eye. As he had then lost the use of both eyes, and it was not then certain that vision in the left eye might not be partially restored, he was awarded compensation as for a temporary total disability, the compensation to continue, with certain limitations, until the disability ceased. (§ 15, subds. 2, 3-u.) This was a reclassification of disabilities. (*Matter of Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507.) After the accident and injury had occurred subdivision 6-a was added to the law. It reads: " The board may, within one year from the date of accident, upon its own motion, or on application of any party in interest, reclassify a disability upon proof that there has been a change in condition, or that the previous classification was erroneous and not in the interest of justice." (Laws of 1927, ch. 557, in effect July 1st, 1927.) This subdivision was effective to forbid

reclassification unless made within one year of the occurrence of the accident. (*Matter of Schaefer* v. *Buffalo Steel Car Co., supra.*) In this instance the reclassification was not made within the time fixed. We think that this subdivision was intended to have application, in respect to a reclassification of all injuries, whether previously or subsequently occurring; that it affected the remedy and not the right; that it was applicable to the case of this claimant. Therefore, the Board had no power to make the award in question.

The order of the Appellate Division should be reversed and the determination annulled, with costs against the State Industrial Board in the Appellate Division and in this court, and the matter remitted to the State Industrial Board for further proceedings in accordance with this opinion.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.