In the Matter of the Claim of Robert Kolodick, Respondent, against General Electric Company, Appellant.

State Industrial Board, Respondent.

Third Department, March 23, 1932.

*Richmond D. Moot* [*Charles Ward Brown* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General,* and *Roy Wiedersum, Assistant Deputy Attorney-General,* of counsel], for the respondent State Industrial Board.

*James P. Boyle,* for the claimant, respondent.

RHODES, J. On January 6, 1917, claimant sustained severe injuries. On March 20, 1917, an award was made for temporary total disability. Numerous additional awards under this classification were made until May 26, 1925, when the case was closed on the ground that the claimant was not totally disabled and had received $3,500, the maximum then allowed by subdivision 2 of section 15 of the Workmen's Compensation Law for temporary total disability. On June 7, 1926, the injury was reclassified as permanent total and payments were ordered continued during claimant's disability. On appeal to the Industrial Board it was held that the injury should not be classified as permanent total but permanent partial disability, for which compensation should be awarded under the provisions of section 15, subdivision 3, paragraph u (now paragraph v). This reclassification was made more than three years from the date of the accident and, therefore, if the objection had been raised, would not have been permitted under subdivision 6-a of section 15. (*Schaefer* v. *Buffalo Steel Car Co.,* 250 N. Y. 507; *Matter of Vincent* v. *Allerton House Co.,* 256 id. 522.) The question, however, was not raised but an appeal was taken to this court which remitted the claim to the Industrial Board on the ground that the award was made pursuant to paragraph u (now v) of subdivision 3 of section 15, without any finding or determination having been made as to claimant's wage-earning capacity. (222 App. Div. 786.) The Industrial Board thereupon made corrected awards in conformity with the direction of this court in accordance with the reclassification referred to. From such awards an appeal was taken to this court on the ground that reduced earnings were improperly determined. The awards were here affirmed and on appeal to the Court of Appeals an affirmance was there had. (226 App. Div. 711; affd., 252 N. Y. 522.) In none of said appeals was the question of reclassification raised. Such reclassification was necessarily involved in the awards formerly appealed from because without such reclassification no further award could have been made, claimant having received the sum of $3,500, the maximum permitted under the previous

classification as above set forth. After the determination of such appeals, a further award was made by the Board on June 26, 1930, for permanent partial disability. From the latter award the present appeal is taken.

The appellant now insists that the award is unauthorized because it is based upon reclassification made more than three years after the date of the accident. It may be argued with much plausibility that the present award is not a reclassification but an additional award based upon the previous reclassification above referred to. We think the sounder view is to the contrary. While the appellant as to the previous award may have seen fit to waive the objection as to reclassification, such waiver does not extend beyond the period of the award then made and does not preclude it from questioning the present award, based upon a new determination covering a later period, which necessarily constitutes a reclassification with reference to the first and original classification under which awards were made to the claimant immediately after his injury and previous to the expiration of three years therefrom. The reason for this is twofold: *First*, a waiver is an intentional relinquishment of a known right. (*Newburger* v. *Lubell*, 257 N. Y. 383; *Alsens A. P. C. Works* v. *Degnon Contracting Co.*, 222 id. 34.) Hence appellant's waiver as to the previous reclassification does not extend to a new determination based on an unauthorized reclassification; *second*, the jurisdiction of the Board is continuing (Workmen's Comp. Law, § 123), and its determination in making the present award has no relevancy to the last previous award in so far as reclassification is concerned.

The award should be reversed and claim dismissed, with costs to the appellant against the State Industrial Board.

All concur; McNAMEE, J., in result, on the ground that the Industrial Board had no jurisdiction to make a reclassification more than three years after the accident, and this question of jurisdiction is present and may be raised on the making of each successive award thereunder.

Award reversed and claim dismissed, with costs against the State Industrial Board.