In the Matter of the Claim of HARRY MONTGOMERY, Respondent, against SENECA IRON AND STEEL COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 26, 1932.

*Dudley, Stowe & Sawyer [Horace C. Winch* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin, Assistant Attorney-General,* and *John R. O'Hanlon* of counsel], for the State Industrial Board.

*Julius J. Goldstein,* for the respondent.

HINMAN, J.   It is claimed that the awards appealed from reclassified the claimant's disability in violation of the limitation imposed by section 15, subdivision 6-a, of the Workmen's Compensation Law.   By chapter 557 of the Laws of 1927 subdivision 6-a was added to section 15, providing: " The Board may, within one year from the date of accident, upon its own motion, or on application of any party in interest, reclassify a disability upon proof that there has been a change in condition, or that the previous classification was erroneous and not in the interest of justice."   By chapter 292 of the Laws of 1931, in effect July 1, 1931, the words " three years " were substituted for the words " one year."   The accident occurred on August 1, 1929.   After the case had been closed on a lump sum settlement on August 1, 1930, it was reopened and two awards were made, one on the basis of partial disability from July 25, 1930, to January 26, 1931, and on the basis of temporary total disability from January 26, 1931, to April 10, 1931; the other extending the temporary total disability from April 10, 1931, to April 24, 1931.   It is difficult to determine whether the award as to partial disability was a reclassification but at least as to temporary total there was a reclassification of disability.   (*Matter of Schaefer* v. *Buffalo Steel Car Co.,* 250 N. Y. 507; *Matter of Vincent* v. *Allerton House Co.,* 256 id. 522; *Matter of Sokolowski* v. *Bank of America,* 234 App. Div. 903; *Matter of Kolodick* v. *General Electric Co.,* 235 id. 111, decided at the March term, 1932.)   These awards were made on April 10, 1931, and April 24, 1931, respectively.   Under section 15, subdivision 6-a as then in effect, the right to reclassification had expired on July 31, 1930, so far as this accident was concerned.   The 1931 amendment did not become effective until July 1, 1931.   On April 10 and April 24, 1931, the Industrial Board did not have the power to reclassify.   It did act, however, on review of the awards of April 10 and 24, 1931, namely, in September, 1931, after the 1931 amendment went into effect, when it sustained the former awards.   It then had the power to reclassify unless, as the appellants contend, the right to reclassify, having already been extinguished under the one-year limitation, could not be extended. It is conceded that subdivision 6-a is retroactive (*Matter of Vin-*

*cent* v. *Allerton House Co., supra*), and that the 1931 amendment is applicable to accrued as well as to future claims. It is argued, however, that it does not revive claims which were already extinguished, citing *Hopkins* v. *Lincoln Trust Co.* (233 N. Y. 213); *County of Erie* v. *Lowenstein* (235 id. 458); *Orton* v. *Olds Motor Works* (229 App. Div. 46). We are not here dealing with the revival of a right or claim which has been extinguished, but simply with a power of the Board to afford a specific remedy within three years of the date of accident because one year was found by the Legislature to be inadequate for the just determination of a disability classification. The original subdivision 6-a was held to affect " the remedy and not the right " and " was intended to have application in respect to a reclassification of all injuries, whether previously or subsequently occurring." (*Matter of Vincent* v. *Allerton House Co., supra.*) It is logical to assume that the 1931 amendment was intended to have like applicability to all injuries. The Legislature had the power to so apply it. " No right is destroyed when the law restores a remedy which had been lost." (*Campbell* v. *Holt*, 115 U. S. 620, 628.) (See, also, *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271.) It is a question of legislative intent. If the Legislature sees fit to enlarge the power of the Board so as to permit it to do justice to claimants where one year has been found to be too drastic, it is reasonable to suppose that it intended to have the remedy applied within three years of the date of accident to all claimants whose claims would otherwise be unjustly dealt with, whether the one-year limitation had expired or not. We think the 1931 amendment was applicable to this claim and that this power to reclassify was available to the Board in September, 1931, to sustain its previous awards.

Moreover, we think the Board had jurisdiction to rescind the lump sum award of August 1, 1930, in the exercise of its continuing jurisdiction (Workmen's Comp. Law, § 22, as amd. by Laws of 1928, chap. 754; § 123); and that the reduced earning capacity of the claimant as fixed for July 25, 1930, to January 26, 1931, was supported by adequate evidence as to his physical impairment and in the absence of actual earnings could be fixed by the Board, in the interests of justice, pursuant to subdivision 5-a of section 15 of the Workmen's Compensation Law (added by Laws of 1930, chap. 316).

The award should be affirmed.

All concur.

Award affirmed, with costs to the State Industrial Board.