In the Matter of the Claim of RICHARD DAVIS, Appellant, against GENERAL ELECTRIC COMPANY, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 1, 1932.

*Richmond D. Moot* [*Charles Ward Brown* of counsel], for the appellant.

*Edward C. Jerome*, for the respondent General Electric Company.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General*, and *John R. O'Hanlon*, of counsel], for the respondent State Industrial Board.

RHODES, J. The question here presented is solely one of law involving the construction of the statute, the facts being undisputed.

By the decision of the Board now appealed from, it appears that on August 27, 1919, claimant sustained an industrial accident resulting in the loss of his right foot; that on July 30, 1920, while working for his employer, he sustained accidental injuries in the nature of an excision of the right hand, which condition is permanent and equivalent to a 100 per cent permanent loss of the right hand; that he had previously incurred a permanent partial disability through the said loss of his right foot; that on December 28,

1920, an award was made against the present employer for permanent loss of use of the right hand; that thereafter on March 22, 1921, claimant's disability was classified as permanent total pursuant to the then subdivision 7 of section 15 (present subdivision 8), and an award of compensation was made at the rate of twenty dollars per week, payable every two weeks, commencing from the expiration of the period of the previous award for the loss of the right hand and continuing for the remainder or the life of claimant; that at the time of said classification and award there was an absence of any proof that the loss of claimant's right foot and right hand did not constitute permanent total disability; that on or about July 1, 1929, after a period of approximately nine years, during which time claimant did no work, said claimant was re-employed by the General Electric Company and has been continuously employed by said company since that time, working four days a week, eight hours a day, at the rate of fifty-five cents per hour.

After a hearing held on December 10, 1931, for the purpose of determining whether claimant herein was entitled to further compensation from the special fund, the Board rendered a decision on December 10, 1931, rescinding the award previously made under the then subdivision 7 of section 15 and closing the case on the ground that claimant was not totally disabled.

While the Board, by such decision, did not expressly reclassify claimant's present disability as permanent partial or temporary total, this is the effect of its decision. In 1921 it classified claimant's disability as permanent total; in 1931 it determined that the disability is not permanent total. Its present determination amounts to a reclassification in violation of subdivision 6-a of section 15 which limits the right of reclassification to a period of three years from the date of the accident. (See *Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507; *Kolodick* v. *General Electric Co.*, 235 App. Div. 111, decided by this court March 23, 1932.) Subdivision 8 of section 15 provides in substance that if an employee who has previously incurred permanent partial disability through the loss of one member " incurs permanent total disability through the loss of another member or organ, he shall be paid  *  *  *  special additional compensation for the remainder of his life." The Industrial Board has evidently rescinded the previous award and classification because of the fact that claimant is now employed and earning seventeen dollars and sixty cents per week. It now argues that subdivision 1 of section 15 provides in part that " loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other

cases permanent total disability shall be determined in accordance with the facts." The Board insists that because claimant is now earning substantial wages this is conclusive proof he is not totally permanently disabled.

For the purpose of determining this appeal it is unnecessary to decide whether under subdivision 8 of section 15 the loss of a second member, *ipso facto*, constitutes permanent total disability, because the Board having no authority to reclassify after three years, the classification of permanent total must stand. Under such a classification by subdivision 8 of section 15 it is provided that the claimant " *shall be paid * * * for the remainder of his life.*"

The decision should be reversed, with costs to the claimant, appellant, against the State Industrial Board and the matter remitted to the Industrial Board with directions to proceed in accordance with this opinion.

All concur; McNamee, J., not voting.

The decision which reversed the former award is reversed, with costs to the appellant against the State Industrial Board.