In the Matter of the Claim of John T. McCulla, Respondent, against American Locomotive Company, Appellant. State Industrial Board, Respondent.

Third Department, December 30, 1932.

*Richmond D. Moot* [*Charles W. Brown* of counsel], for the appellant.

*John J. Bennett Jr.*, Attorney-General [*Joseph A. McLaughlin*, Assistant Attorney-General, and *Abraham Brekstone* of counsel], for the respondents.

HINMAN, J. The award rests upon a reclassification made too late. (*Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507.) I do not see how a classification can be more effectively made than to close a case after making an award. The character of that award determines definitely the classification. This case was definitely closed after an award which could not have been anything else than a temporary disability award. Otherwise the case could not have been closed. Numerous attempts were made to reopen the proceeding, some granted and further testimony taken, and each time the Board or referee declared the case closed upon the former award. Now, after five years of such vain efforts to obtain a further award, the Board decides to grant an award for permanent disability and to reverse the former decision wherein they had made an award for temporary disability and had closed the case. It makes no difference whether the former decision denominated the award as one for temporary disability or not. It must have been their intention to recognize it as temporary because they closed the case. It would have been different if they had continued the case pending an investigation to determine how to classify it.

The award should be reversed on the ground that there was a reclassification in violation of subdivision 6-a of section 15 of the Workmen's Compensation Law, and the matter should be remitted to the Board for consideration with reference to a possible further award based on the previous classification of temporary total disability.

VAN KIRK, P. J., and RHODES, J., concur; CRAPSER, J., dissents on the ground that the first award was not a classification but was simply an award of compensation, and the final decision awarding compensation for permanent total disability was not a reclassification; MCNAMEE, J., not voting.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.