In the Matter of the Claim of WITOLD SOKOLOWSKI against BANK OF AMERICA et al., Respondents. THE STATE INDUSTRIAL BOARD, Appellant.

(Argued November 29, 1932; decided January 17, 1933.)

*John J. Bennett, Jr.,* Attorney-General (*Joseph A. McLaughlin* and *John R. O'Hanlon* of counsel), for appellant. The award and decision of November 11, 1930, does not constitute or involve a reclassification of disabilities in violation of subdivision 6-a of section 15 of the Workmen's Compensation Law. (*Schaefer* v. *Buffalo Steel Car Co.*, 221 App. Div. 808; 225 App. Div. 839; 250 N. Y. 507; *Carolan* v. *Hoe & Co.*, 225 App. Div. 393.) The action of the Industrial Board in making an award under paragraph V of section 15 and in correcting consecutive awards theretofore made in error was proper. (*Rubenstein* v. *Pechter Baking Co.*, 224 App. Div. 324; *Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Schaefer* v. *Buffalo Steel Car Co.*, 221 App. Div. 808; 250 N. Y. 507.)

*Frank L. Ward* for respondent. The State Industrial Board improperly reclassified the claimant's disability. (*Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Matter of Vincent* v. *Allerton House Co.*, 256 N. Y. 522; *Matter of Kolodick* v. *General Electric Co.*, 235 App. Div. 111.)

KELLOGG, J. On July 26, 1920, the claimant, while in the course of his employment, sustained accidental injuries, arising out of his employment. The injuries comprised fractures of the leg, elbow and shoulder, and bruises of the hand, arm and head. The employer continued to pay claimant's wages until about March 25, 1921. On May 23, 1921, an award, consisting of $20 a week for the previous eight weeks, was made in favor of claimant, and the case was continued. The award did not in terms classify the disability, yet it was clearly an award for temporary total disability. It was total

because based upon the full weekly wage of claimant before the accident rather than upon reduced wages earned by him thereafter; it was temporary, because made to cover a temporary period already elapsed; it contained no provision for future compensation. Many similar awards, at the same rate, covering all intervening periods, were subsequently made prior to September 15, 1922.

On the last-mentioned date the Industrial Board canceled all previous awards, reclassified the disability as permanent partial, and made these awards: A schedule award of $20 per week for 144 weeks for fifty per cent of loss of use of left leg; an award of $20 per week for 104 weeks for thirty-three and one-third per cent loss of use of the right arm; and an award of $20 per week for 78 weeks for twenty-five per cent loss of use of the left arm. The total award was for 326 weeks of disability, less 112 weeks already paid, or 214 weeks. Payments were made under this award until the 214 weeks had elapsed, and the carrier had made payment of $6,520 for the full 326 weeks. On November 11, 1930, the Industrial Board canceled all previous awards, and made new awards as follows: An award of 111½ weeks for total disability from July 26, 1920, the date of the accident, to the 15th day of September, 1922, the date of the schedule awards, as for a total disability, at the rate of $20 per week; an award, under section 15, subdivision 3, paragraph v (formerly u), of the Workmen's Compensation Law (Cons. Laws, ch. 67), of 420 5/6 weeks, from the 15th day of September, 1922, to date, at $10.75 per week, to cover the claimant's reduced earning capacity, figured at fifty per cent less than normal. It has been held that this award involved a reclassification of disabilities which the Board was forbidden to make.

Chapter 557 of the Laws of 1927 introduced into section 15 of the Workmen's Compensation Law a new subdivision, known as subdivision 6-a, which, as amended, now reads: " The board may, within three years from the

date of accident, upon its own motion, or on application of any party in interest, reclassify a disability upon proof that there has been a change in condition, or that the previous classification was erroneous and not in the interest of justice." The clear implication is that no reclassification can be made unless accomplished within three years of the date of the accident.

The Compensation Law specifies four classes of disability and no more. They are: Permanent total disability, temporary total disability, permanent partial disability, and temporary partial disability. (§ 15.) A disability may not be shifted from any one of these classes to any other unless it be done within the three-year period. (*Matter of Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507.) In this case, on the 11th of November, 1930, the Board revoked its award of a specified number of weeks for the percentage loss of use of a leg, a left arm and a right arm, and made an award for reduced earnings under section 15, subdivision 3-v. This was not a reclassification, for the schedule award of September 15, 1922, and the award of November 11, 1930, for reduced earnings under subdivision 3-v, revising the prior award, both constituted awards for injuries falling within the class of a permanent partial disability. This was the precise holding in *Matter of Schaefer* v. *Buffalo Steel Car Co. (supra)*, where an award, as for a schedule disability, was modified, and an award for reduced earning capacity, under subdivision 3-u (now v) was made. On the other hand, an instance of a forbidden reclassification may be found in *Matter of Vincent* v. *Allerton House Co.* (256 N. Y. 522), for there an award for a percentage loss of an eye, classed as a permanent partial disability, under section 15, subdivision 3, was modified to constitute an award for a temporary loss of both eyes, classed as a temporary total disability under section 15, subdivision 2. While we hold that there has been here no prohibited

reclassification, it does not follow that the award was proper.

Provision is made, in subdivision 3 of section 15, for awards to be granted for the loss of various members, such as an arm or leg, or for a percentage loss of use of these members, constituting an equivalent loss. Compensation is to be awarded on the basis of sixty-six and two-thirds per cent of full wages, and to be paid during a given number of weeks, as arbitrarily stated in a schedule, which sets opposite each member the particular number of weeks during which, for its loss, compensation will run. It was formerly held that where several members were lost, the weeks allotted to one member could not be added to the weeks allotted to another, so that continuous compensation during the aggregate of all the weeks might be had. (*Marhoffer* v. *Marhoffer*, 220 N. Y. 543.) The reason for this holding was the obvious one that a workman, if fully disabled through a given period by the loss of an arm, could not also be fully disabled during the same period by the loss of a leg. Consequently, in case of multiple injuries, compensation was payable only during that period, which constituted the longest term of weeks provided for any one member. The multiple awards of September 15, 1922, made to take effect successively, were doubtless improper for this reason, but that fault is not material here. It may be remarked in passing that the defect in the law, which we have noted, if it were such, was cured by paragraph u of subdivision 3, introduced into the law by chapter 301 of the Laws of 1929, wherein it is provided that " awards shall run consecutively."

Provision is also made in subdivision 3 for " other cases " of a permanent partial disability. This is paragraph v (formerly u), reading as follows: " In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning

capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the board on its own motion or upon application of any party in interest." Obviously, the phrase " in all other cases " signifies that the provisions of the paragraph shall apply only in cases where the injuries received are not confined to a specific member or specific members. By clear implication, if the schedules are sufficient completely to cover the disabilities, paragraph v may not be employed to extend the periods of weeks provided for thereby.

In the case of the award of November 11, 1930, now under consideration, the memorandum of decision by E. N. Edwards, a member of the Industrial Board, states: " The former finding that the extent of claimant's disability caused by his accident of July 26, 1920, is confined to the permanent defects of his left leg, left arm and right arm is hereby confirmed." On the 13th of November, 1930, notice of the award of November 11th, signed by Frances Perkins, Industrial Commissioner, was served upon the parties. This notice states: " After careful review of the papers on file, the action of the Board under date of 11.11.30 was to find that the extent of claimant's disability caused by the accident of July 26, 1920, is confined to the permanent defects of his left leg, left arm, and right arm." Notice of appeal having been served upon the Industrial Board, that body, on June 30, 1931, in belated compliance with section 23 of the Workmen's Compensation Law, served and filed " its findings of fact and rulings of law." These findings state that on July 26, 1920, the claimant sustained a fall " causing him as a result to suffer from a fracture of the upper end of the left humerus, compound comminuted fracture of the right oscalcis, contusions of the right ulna nerve and other contusions of the body." The conclusion is drawn therefrom that the claimant was " totally disabled from July

26, 1920, to September 15, 1922, and permanently partially disabled thereafter." It will be observed that the findings, in addition to the leg and arm injuries specified, make mention of " contusions of the right ulna nerve." In the light of the wording of the award, as phrased by Member Edwards, and the notice of the award as phrased by Industrial Commissioner Perkins, we feel justified in assuming that this injury was regarded as comprehended by the injury to the right arm, which the award given was intended in part to cover. It will be noticed also that the findings specify " other contusions of the body." These injuries, which would not be comprehended by the injuries to arms and legs, may have been considered in making the award, to the extent of the findings that the claimant was " totally disabled from July 26, 1920, to September 15, 1922." There is nothing to indicate, and it has not been found, that these contusions entered into the consideration of the Board in making the award, so far as it found that after September 15, 1922, the claimant was " permanently partially disabled." On the contrary, there is every reason to suppose that the contusions to the right ulna nerve and " other contusions of the body " were not considered in the making of that part of the award which was made, supposedly under the provisions of subdivision 3-v. For one reason, all such injuries are necessarily of a temporary character. For another, the member of the Industrial Board and the Industrial Commissioner coincide in their statements that in making the new award, the Industrial Board considered that the extent of claimant's disability was confined " to the permanent defects of his left leg, left arm and right arm." The conclusion is inescapable that no injuries other than injuries to specific members, viz., the leg and the two arms, survived to September 15, 1922, when the schedule award was made; that the award of that date was correct in so far as it was held that the disability was compensable under the schedules; that the award of November 11,

1930, now appealed from, unsupported by proof or finding that the claimant's injuries extended beyond the members provided for by the schedule, had no proper basis, and was not authorized by the provisions of subdivision 3-v, covering " other cases."

The order should be affirmed, with costs against the State Industrial Board.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Order affirmed, etc.