In the Matter of the Claim of NICOLA GRUTTADURIA, Respondent, against IMPERIAL METAL MFG. Co., INC., Employer, and THE INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Insurance Carrier, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 17, 1937.

*James A. Hughes* [*Hobart R. Marvin* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the State Industrial Board.

PER CURIAM.   The claimant cut his arm on a power saw in the course of his employment.   The only question presented is whether the Board should have made a schedule award, or an award under paragraph v of subdivision 3 of section 15 of the Workmen's Compensation Law.   While the evidence indicates that the claimant suffered an injury to the median nerve of the arm, a partial anaesthesia of the hand, circulatory disturbance, and absence of a radial pulse, there is no proof in the record to show that any of these injuries or defects extended beyond the hand or the arm.   There is not even competent proof that the claimant suffered pain that prevented him from performing his work.

The case should be remitted for the further reason that there has been no adequate trial of claimant's claim.   Claimant's own testimony is spread sketchily over nine pages of the record, but little or nothing material to the issue in this case was brought out from the claimant.   Almost all of these pages were consumed with a record of talk by the referee and the attorneys.   This characteristic of the record was so extensive as to overshadow the question of pertinent facts, and prevent a fair trial.   The claim should have been tried by the production of proof that would tend to sustain or defeat it, and the record should not be taken up with non-essentials. (*Matter of Summers* v. *Mohawk Valley Roofing Corp.,* 245 App. Div. 412, 413, 414.)

The medical testimony is also subject to a similar comment.   It is the duty of medical experts to testify on material pathological facts, and, when competent, to give their opinion thereon; but it is no part of their function to interpret the Workmen's Compensation Law, or to decide what evidence is proper or improper.   Those are the duties and the responsibility of the State Industrial Board, in the first instance; and it is not to be delegated to doctors.   In so far as there is medical evidence here on the claimant's condition, it shows a thirty-five per cent loss of hand; and there is no evidence to support a finding under paragraph v of subdivision 3 of section 15 of the Workmen's Compensation Law.   (*Matter of Sokolowski* v. *Bank of America,* 261 N. Y. 57; *Matter of Huber* v. *Cutler Hammer Mfg. Co.,* 243 App. Div. 646.)

The award should be reversed and the claim remitted, with costs against the State Industrial Board.

RHODES, MCNAMEE and CRAPSER, JJ., concur; HILL, P. J., and HEFFERNAN, J., dissent, and vote to affirm, upon the ground that the medical testimony sustained the finding of the Board to the

effect that the injury could not be classified as a schedule loss, and upon the further ground that an award founded upon reduced earnings was proper.

Award reversed, and claim remitted, with costs against the State Industrial Board.