In the Matter of the Claim of JOHN CROWLEY, Respondent, against ARROWHEAD MILLS, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, October 27, 1937.

*Charles P. Barre,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Leon Freedman, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

HILL, P. J. Employer and carrier appeal from an award and decision made on March 23, 1937, in part as follows: " The claimant is permanently totally disabled and the present value of the award, assuming compensation has been paid to April 21, 1936, commuted under the provisions of section 27 of the Workmen's Compensation Law, is found to be $9,444.74, which sum the carrier is directed to pay into the Aggregate Trust Fund." Section 27, referred to in the award, so far as it applies to this case, reads that if an " award made on or after July first, nineteen hundred thirty-five, requires payment for total permanent disability resulting from the loss of * * * both eyes * * * by an insurance carrier which is a stock corporation or mutual association, the Board shall immediately compute the present value thereof and require payment of such amount " into the Aggregate Trust Fund. Appellants urge that the award was made and the injury classified before July 1, 1935.

The facts are: The employee's claim for compensation was verified July 3, 1920, and was filed on about that date. It recites an injury received on April 4, 1919, and that the claimant is " Blind in Right Eye and three-quarter in Left Eye " and that the employer has provided medical attendance. Dr. Lake in his report dated July 3, 1920, stated that claimant's disability arose from an atrophy of the optic nerves, and that there was no useful vision in the right eye and but one-tenth in the left. Also, that the vision in the left eye " is apt to decrease in time." During the following decade claimant was examined frequently by eye specialists. On June 14, 1930, Dr. Coombs stated in a report " claimant is totally disabled, condition has not apparently changed since last examination in 1919." A similar report was made by Dr. Lynch on June 18, 1932. On October 5, 1934, the superintendent of appellant carrier

wrote the New York State Department of Labor, "At this time we are conceding that the man is totally and permanently disabled by reason of near blindness and we therefore see no reason for being put to the unnecessary expense of an eye examination at this time."

Sixteen decisions and notices of award are printed in the record on appeal, each having a date prior to July 1, 1935. Each indicates total permanent disability. Each medical report beginning with the one dated July 3, 1920, also indicates total permanent disability, and in 1934, as earlier mentioned, the employer and carrier conceded permanent total disability. It is not necessary that these earlier awards in terms should have classified claimant's disability as permanent total. It is enough if from the facts it clearly appears that the awards were made upon that assumption. (*Sokolowski* v. *Bank of America*, 261 N. Y. 57, 58.) This matter is not one to which the quoted portion of section 27 of the Workmen's Compensation Law applies, as awards were made before July 1, 1935, and the award appealed from is only repetitious.

The award and decision should be reversed and the matter remitted to the State Industrial Board for an award requiring the carrier to make the payments to claimant as for a permanent total disability.

RHODES, McNAMEE, CRAPSER and BLISS, JJ., concur.

Award and decision reversed and matter remitted to the State Industrial Board for an award in accordance with opinion, with costs against the Board.