The People of the State of New York ex rel. Equitable Holding Corporation, Petitioner, *v.* Mark Graves and Others, Constituting the Tax Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, April 22, 1941.

*Alfred T. Davison* [*Orrin G. Judd* and *Frederick H. Torp* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown* and *John C. Crary, Assistant Attorneys-General,* of counsel], for the respondents.

Bergan, J.    The amendment of section 218 of the Tax Law by chapter 183 of the Laws of 1940 relates to procedure.    It extends the time limit of a remedy.    Being remedial, it is retroactive in its effect and applies to cases falling within the terms of the amended statute which would otherwise have been barred by the lapse of time measured by the superseded statute.    The statute allowing a year for an application for revision after audit was an act of grace

by the sovereign. The amendment is an extension of the grace in point of time and it applies, I think, to all cases coming within its literal terms.

The general rule is that statutes are to be construed as prospective only (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240), but " changes of procedure * * * constitute an exception." Thus it has been held that an extension of the scope of a garnishee execution applied to judgments recovered before the enactment of the statute of extension. (*Laird* v. *Carton*, 196 N. Y. 169.) The amendment, it was there said, " furnished the judgment creditor with a broader and more effective remedy than the law gave him before. To this there is no constitutional objection " (p. 173). A procedural amendment by statute will " affect pending actions in the absence of words of exclusion." (*Lazarus* v. *Metro. El. R. Co.*, 145 N. Y. 581, 585; *Southwick* v. *Southwick*, 49 id. 510.) Nothing said in *Hopkins* v. *Lincoln Trust Co.* (233 N. Y. 213) is to the contrary. That decision turned upon express language of exclusion (p. 215).

In holding that agreements for arbitration are enforcible under a statute enacted after the agreement where other means of enforcement had not been undertaken and completed, but are unenforcible to the extent of nullifying things already done, it was said in *Matter of Berkovitz* v. *Arbib & Houlberg* (230 N. Y. 261, 270): " Changes in the form of remedies are applicable to proceedings thereafter instituted for the redress of wrongs already done. They are retrospective if viewed in relation to the wrongs. They are prospective if viewed in relation to the means of reparation."

The rule of the effect upon pending procedure of statutory change and upon future procedure for the enforcement of rights accruing before the change has been extended to statutes of limitation. No constitutional impediment was found to the revival in express language by the Legislature of a cause of action theretofore barred by the statute. (*Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271.) Such an extension of time was found reasonable in the facts of that case. And where the " seeming infraction of right " created by the bar of a statute which was repealed " is not very great and when justice requires relief," the power of the Legislature to remove or extend the bar will not be denied. (HOLMES, Ch. J., in *Dunbar* v. *Boston & P. R. R. Corp.*, 181 Mass. 383; 63 N. E. 916. See, also, his discussion of the same subject in *Danford* v. *Groton Water Co.*, 178 Mass. 472; 59 N. E. 1033.) The right of the State to finality in the imposition of the tax, therefore, was not so crystallized, and had not become so vested, as to exclude the Legislature from the field of enlarging the procedure for its review. The enlargement by the Legislature is peculiarly the act of the party affected in this case, *i. e.*, the State itself.

In construing an amendment to the Workmen's Compensation Law in 1927 providing for reclassification of disability within one year of the date of accident, it was held that the amendment, affecting " the remedy and not the right," applied to the reclassification of all injuries " whether previously or subsequently occurring." (*Matter of Vincent* v. *Allerton House Co.*, 256 N. Y. 522, 524. See, also, following that decision, *Matter of Montgomery* v. *Seneca Iron & Steel Co.*, 236 App. Div. 19.) It was there said (p. 21), upon the authority of *Campbell* v. *Holt* (115 U. S. 620, 628): " No right is destroyed when the law restores a remedy which has been lost."

The question here presented was not before the court or considered in *People ex rel. International Salt Co.* v. *Graves* (267 N. Y. 149) or by the Appellate Division in that case (242 App. Div. 124). In *Straus* v. *Wisconsin Tax Com.* (201 Wis. 470; 229 N. W. 546) the tax was paid in January, 1925. The statute then in effect provided claims for refunds must be filed within one year thereafter (Jan. 1926). Before the expiration of that year the statute was amended to provide an extension of filing to two years from the date the tax was paid (Jan. 1927). The claim was not filed until May, 1928. Thus the claim was barred both by the statute in effect when the tax was paid and by the statute extending the time. The case is not in point. Nor are cases like *County of Erie* v. *Lowenstein* (235 N. Y. 458), where property rights have accrued by the expiration of tax liens prior to the abolition of the time limit, helpful to the respondents.

I think the Legislature intended to provide a remedy by review in all cases where the application for revision is made within two years of the audit and that the amendment operated to extend the time to two years as to audits made before, as well as after, the enactment of the amendment of 1940.

No triable issue of fact is raised by the respondents who do not answer but rely upon their objection to the petition in point of law without formal motion addressed to the petition. If the respondents desire to answer they may do so by April 25, 1940. In the absence of an answer then served petitioner may submit a final order.