In the Matter of the Claim of THOMAS MUNSON, Respondent, against HOTEL BUFFALO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. Claimant, sixty-five years old, was employed as a stationary engineer. On January 23, 1948, he climbed a twelve-foot ladder to adjust a large steam valve. It was the first time he had adjusted this valve which was the largest in the plant. To reach it claimant had to stretch and reach. The temperature where the valve was located was from 110 degrees to 120 degrees Fahrenheit. This was twenty-five degrees hotter than at the lower levels of the room. Claimant said in one part of his testimony that while adjusting the valve he became dizzy and the board could have found this. Ten minutes later, while doing some work requiring no effort he had a sensation "like a shock" and paralysis. Medical opinion treated this as part of a continuous physical process which began when claimant suffered the dizziness while working on the valve. There is medical opinion associating the additional strain and heat under the conditions of this work with the injury. This is an "accident". Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.

■

In the Matter of the Claim of FRANCIS J. BENZ, Respondent, against KNIGHTS OF ST. JOHN CLUB et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an insurance carrier from a decision and award of the Workmen's Compensation Board made in claimant's favor. The evidence of the circumstances of claimant's employment at the time of his accidental injury was such as to sustain the board's finding that they occurred in the employ of the nonappealing employer. Claimant's injury occurred March 13, 1946. His claim for compensation was not filed with the Workmen's Compensation Board until January 12, 1948, and under the statute as it then existed (Workmen's Compensation Law, § 28), his claim to compensation had been barred over nine months before his claim was filed. There is no evidence that the board permitted a late filing, and the objection thereto, was made at the first hearing in the matter at which all parties were represented. The amendment to said section of the statute, made by chapter 624 of the Laws of 1947, effective July 1, 1947, was not effective to revive rights already barred by the former provisions of the statute. (Matter of Cheesman v. Cheesman, 236 N. Y. 47; Hopkins v. Lincoln Trust Co., 233 N. Y. 213; Matter of Orton v. Olds Motor Works, 229 App. Div. 46. See, also, Matter of Berkovitz v. Arbib & Houlberg, 230 N. Y. 261.) The decision and award are reversed on the law and the claim dismissed, with costs against the Workmen's Compensation Board. Brewster, Bergan and Coon, JJ., concur; Heffernan, J. P., dissents and votes to affirm; Deyo, J., dissents. [See post, p. 1028; 279 App. Div. 695.]