Waukesha Development Corporation, Appellant, v.
City of Waukesha, Respondent.

*May 5—June 7, 1960.*

For the appellant the cause was submitted on the brief of *James D'Amato* of Waukesha.

For the respondent there was a brief by *William G. Callow,* city attorney, and oral argument by *William C. Lawler,* special assistant city attorney.

MARTIN, C. J.   Sec. 74.73 (1), Stats., provides, so far as material:

"Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim therefor against the . . . city, . . . which collected such tax in the manner prescribed by law for filing claims in other cases, and if it shall appear that the tax for which such claim was filed or any part thereof is unlawful and that all conditions prescribed by law for the recovery of illegal taxes have been complied with, the . . . common council of any city . . . may allow and the proper . . . city . . . treasurer shall pay such person the amount of such claim found to be illegal and excessive. If any . . . city . . . shall fail or refuse to allow such claim, the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected of him.  Every such claim shall be filed; and every action to recover any money so paid shall be brought within one year after such payment and not thereafter."

Sub. (4) of said section provides:

"No claim shall be filed and no action shall be brought under this section which is based upon an allegedly excessive assessment except that in counties with a population of under 500,000 a claim may be filed and an action may be brought if the tax is paid on the contested assessment by January 10th of the year following the year of the assessment and a claim filed within ten days thereafter and suit commenced within thirty days following the denial of the claim or within ninety days after the claim is filed if the municipalities fail to act on the claim."

The general principles as to strict compliance with the statutory procedures for the recovery of illegal taxes are set

out in *Straus v. Wisconsin Tax Comm.* (1930), 201 Wis. 470, 229 N. W. 546.

There is no merit in appellant's argument that the one-year limitation provided in sec. 74.73 (1), Stats., does not begin to run until the final instalment of a tax has been made. The statute provides that "every action to recover any money so paid shall be brought within one year after such *payment* and not thereafter." In this case the first payment was made under protest on January 27, 1958. This action was brought March 31, 1959. The action not having been commenced within the year limited by the statute, there can be no recovery of the first payment.

It is argued that the assessment in question was found to be unlawful by the circuit court of Waukesha county on certiorari proceedings had on January 5, 1959. Appellant refers to paragraph 6 of the complaint:

"6. That subsequent thereto, the plaintiff above named petitioned the circuit court of Waukesha county for a writ of certiorari, which writ was granted. That on January 5, 1959, Acting Circuit Judge ALLEN D. YOUNG, by a written opinion, among other things, found that there was jurisdictional error in the assessment as made for 1957 and ordered the assessment vacated."

Sec. 263.33, Stats., provides that in pleading a judgment it shall not be necessary to state facts conferring jurisdiction but such judgment may be stated to have been duly given. Paragraph 6 fails to allege that any such judgment was ever entered.

The complaint alleges payment of the second instalment as follows: "That the balance of said tax was paid on July 22, 1958." The cause of action as to this payment fails because there is no allegation that it was made under protest. In *State ex rel. Sheboygan v. Sheboygan County* (1928), 194 Wis. 456, 461, 216 N. W. 144, this court held:

"The legislature has prescribed the remedy of the taxpayer who is compelled to pay a tax which is claimed by him to be unlawful. Under sec. 74.73 of the statutes it is the duty of the taxpayer questioning the tax to pay the same under protest and then file a claim for a refund with the municipality to which the tax was paid."

In its order sustaining the demurrer the trial court provided that plaintiff should have the opportunity to plead over as to the tax paid on July 22, 1958.

Since appellant makes no argument with respect to the allegations of the second cause of action, we deem it unnecessary to discuss them.

*By the Court.*—Order affirmed.