## CEPHAS WALKER'S CASE.

### Somerset.   Opinion March 24, 1923.

*Under the Workmen's Compensation Act the making of a decree awarding specific compensation for presumed total disability does not bar an award, upon further hearing, of compensation for subsequent actual disability.*

A reservation in a decree by the Industrial Accident Commission of a right which the statute gives is unnecessary and redundant, but for mere redundance the decree should not be reversed.

On appeal.   The claimant on January 16, 1922, while in the employ of defendant, James H. Kerr, at North New Portland, tending a concrete mixer, received an injury to his left arm by contact with the gears.   Under an approved agreement "specific compensation" for fifteen weeks was awarded, and it was further decreed that compensation should be paid according to the provisions of Sections 14 and 15, in the event of a recurring period of either total or partial incapacity, from which decree respondents appealed.   Appeal dismissed. Decree affirmed.

The case is stated in the opinion.

Claimant was without counsel.

*Hinckley & Hinckley,* for respondents.

SITTING:  CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

DEASY, J.   Upon a petition alleging permanent impairment of his arm the petitioner was awarded "specific compensation" for fifteen weeks.   The term "specific compensation" is obviously used as meaning compensation for a disability "deemed to be total" for a limited period.   (Section 16).

The employer and insurance carrier make no objection to this award.   By their appeal they contend that the commission made a reversible error of law in that it included in its decree the following:

"It is further ordered and decreed that in the event of a recurring period of either total or partial incapacity to work due to the injuries received by Mr. Walker while in the employ of James H. Kerr on

January 16th, 1922, compensation according to the provisions of Sections 14 and 15 shall be paid Mr. Walker by James H. Kerr on his insurance carrier, the Federal Mutual Liability Insurance Company."

An approved agreement providing specific compensation for a period of presumed total disability does not bar or interfere with a petition for compensation for actual disability "after such specified period."

What is true of an agreement having the effect of a judgment (Section 35) is also true of a decree which is a judgment.

The making of a decree awarding specific compensation for presumed total disability does not bar an award of compensation for subsequent actual disability. "Recurring" or continuing disability following a period of presumed total disability are adequately provided for by Section 16.

The paragraph objected to is superfluous. The privilege which the decree seeks to reserve to the employee, is given him by the statute subject to limitation which the commission cannot and does not intend to disregard.

The defendants apprehend that the paragraph objected to threatens to charge them with payment of additional compensation without hearing or petition.

Not so. The present petition has performed its office. It has secured for the petitioner the compensation specifically provided by Section 16 which is awarded without reference to existing earning capacity. If the petitioner claims further compensation for actual incapacity under Sections 14 or 15 he must petition for it.

What the defendants object to in the decree is not illegality but redundancy. Except in an extreme case a decree should not for this reason be reversed or modified.

*Appeal dismissed.*
*Decree affirmed.*