[Civ. No. 5988. First Appellate District, Division One.—April 26, 1928.]

GLOBE INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ALBERT LEO, Respondents.

R. O. Purvis for Petitioner.

G. C. Faulkner for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission. The petition sets forth that respondent Albert Leo was a carpenter in the employ of one H. J. Christensen. He was injured in the course of his employment when he strained his back while lifting a joist. After the injury he was furnished treatment by Globe Indemnity Company, the insurance carrier of said Christensen, and was also paid compensation indemnity until on or about May 20, 1926, at which time he was advised because of the progress in his convalescence from his injuries he was able to do light work and therefore compensation indemnity would be paid for the balance of his disability at a partial rate. Thereafter, being dissatisfied with this action on the part of the insurance carrier, Leo filed an application for the adjustment of his claim with the Industrial Accident Commission. At the time of the hearing Leo informed the referee of the Commission that he had been examined by doctors of his own selection and had been advised that a radical operation upon his back was necessary for the relief and cure of his condition. Leo was thereafter examined by a physician appointed by the medical department of the Commission, who filed a report as evidence in the case. Thereafter, on or about July 27, 1926, the Commission made its findings and award and ordered that the insurance carrier should pay to Leo partial compensation indemnity. The award was silent in respect to the operative procedure requested by the applicant. Leo petitioned for a rehearing, in which it was recited that he had been operated upon. This petition for rehearing was not upon the grounds nor in the form required by the Workmen's Compensation Act, and it was denied by the Commission September 20, 1926. Thereafter and some time prior to March 4, 1927, Leo filed a petition for the reopening of the case and for the allowance of further compensation. He set forth in his petition the fact that he had been operated upon and that by reason thereof he had incurred certain expenses; that he was totally disabled and could not perform labor and requested the Commission to make an award for continuing compensation indemnity and

for his hospital and medical care. Hearing was had by the Commission upon this application over the objection of petitioner herein, it being claimed that the issue of the operation was *res adjudicata,* the Commission having already passed upon the question. On May 3, 1927, the Commission made its order amending the original findings and award and granting to Leo the medical expense and indemnity he applied for in his petition to reopen the case. Petitioner herein filed a petition for rehearing from said last-mentioned order, which petition was denied. ■ It is here claimed that by reason of the original award and the order of the Commission denying Leo's petition for a rehearing the matter had become *res judicata* for which reason the Commission was without jurisdiction to make the order amending the original findings and award granting the medical expenses and compensation indemnity above referred to. The question here presented is disposed of by the recent decision of *Bartlett Hayward Co.* v. *Industrial Acc. Com.,* 203 Cal. 522 [265 Pac. 195], where it is held that the legislature by the enactment of section 20 (d) of the Workmen's Compensation Act of 1917 enlarged the continuing jurisdiction of the Industrial Accident Commission beyond that theretofore existing so as to embrace the power of the Commission to rescind, alter or amend its orders, decisions and awards within the period of 245 weeks upon good cause appearing, without the necessity of any showing that the applicant's disability had recurred, increased, diminished or terminated.

Upon the authority of that decision the award is affirmed.

Cashin, J., and Knight, J., concurred.