[Civ. No. 5996. First Appellate District, Division One.—May 2, 1928.]

C. C. MOORE & COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and ALFRED GUSTAFSON, Respondents.

R. P. Wisecarver and Redman & Alexander for Petitioners.

G. C. Faulkner and Warren K. Pillsbury for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission. It appears from the petition that respondent Alfred Gustafson was injured while in the employ of petitioner C. C. Moore & Company. He fell a distance of about eight feet and fractured his right oscalis, commonly called the heel bone. Compensation was assumed and paid by petitioners and medical attention was furnished. A dispute arose over the propriety of certain medical attention and over the period of disability. Gustafson then filed an application for adjustment of claim before the Commission, in which he sought a permanent injury rating. Petitioners herein contested the claim, alleging that Gustafson had neglected, refused, and failed to continue his medical treatments and had likewise failed to take up some light work which would reduce his disability. On January 27, 1925, the Commission made its findings and award, allowing total compensation from September 20, 1923, to December 5, 1924, and partial disability from and after December 5, 1924. Further medical treatment was ordered to be given, which was tendered by petitioners. Gustafson became dissatisfied with the award and on February 27, 1925, filed a petition for a rehearing, claiming that he had been totally disabled since his injury. The petition was granted. Further hearings were had and on May 28, 1925, the Commission made its decision, after rehearing, by which it rescinded the previous findings and award and found that the right ankle joint had received a permanent injury in the nature of stiffness and pain, which entitled Gustafson to an award of twenty-six and one-fourth per cent of total disability, amounting to 105 weeks' compensation in a total sum of $2,187.15. This award became final 20 days thereafter and was paid. It extended to about October 1, 1925. Thereafter Gustafson returned to work and

in January, 1926, he had an attack of weeping eczema. In February, 1926, he filed a petition claiming new and further disability. After hearing the Commission made its "Order Amending Findings and Award." In this order the Commission rescinded the previous orders and allowed total disability from September 20, 1923, to and including May 31, 1925; partial disability from May 31, 1925, to and including January 22, 1926. It further found the eczema to be compensable, and allowed temporary total disability from and after January 22, 1926, and ordered further medical treatment. A petition for rehearing was filed by petitioners herein on May 28, 1926, in which it was set forth that the Commission acted without and in excess of its powers in that the question of the permanency of the bone condition and the need for medical attention had been previously considered, and that there was no change in condition that would justify any alteration in the award; that the medical reports showed without conflict that the eczema was not due to the injury and that the Commission should not, therefore, have allowed any compensation for it. It was also claimed that the case was not one coming within the continuing jurisdiction of the Commission in that the only question that had been compensable was the injured ankle, which had been fully adjudicated in the award of May 28, 1925. On June 21, 1926, the petition for a rehearing was granted. On September following the Commission rendered its decision, after rehearing, in which it found that the temporary disability did not exceed the period of permanent disability, viz., 105 weeks; that the illness of January 22, 1926, was not a new and further disability caused by the injury and "that the disability caused by the injury herein does not require further surgical or medical treatment. That the disability resulting from the injury is at this time the same as heretofore found herein by the decision made and filed herein on May 28, 1925." In accordance therewith the Commission annulled the order of May 20, 1926, and reaffirmed the order of May 28th, 1925. Gustafson filed a petition for rehearing, which was denied October 20, 1926, and the decision after rehearing of September 20, 1926, became final. On March 17, 1927, Gustafson filed a petition for "Supplemental Award of Medical and Hospital Expenses and Disability Compensation." In this petition it was set

forth that he had, on his own initiative, on November 4, 1926, been operated upon and a fixation done to his ankle. It was claimed that this was a new and further disability for which temporary disability compensation should be granted, and that the operation was a new development that justified the reopening of the cause and the granting of the medical expenses. Petitioners herein filed an answer to this petition and set forth that the matter had become *res judicata;* that the applicant had waited for over a year and had received all the benefits of a permanent injury rating for his condition, and that he could not therefore claim further temporary compensation after having been paid for the condition as a permanent injury. On June 22, 1927, the Commission made an order amending findings and award, in which the previous findings and award were rescinded and vacated and compensation was ordered payable for temporary total disability from September 20, 1923, to May 31, 1925, and partial temporary disability from May 31, 1925, to February 1, 1926, a total compensation of $2,187.15. It further found that there was a temporary total disability beginning November 4, 1926, to and including March 14, 1927 (18.4/7 weeks), in an amount of $386.84; that the temporary disability exceeded the permanent disability and the employee was entitled to the greater amount; that the operation of arthrodesis of the ankle established that said operation was necessary to cure and relieve from the effects of the injury and that the operation constituted a change in the disability that permitted the Commission to take jurisdiction of a new and further disability. The medical expense for the operation was also allowed, the exact amount to be ascertained at a later hearing. The award was for a total of $2,573.99 for disability as against the previous disability rating of $2,187.15. Gustafson filed a petition for a rehearing, claiming that he was entitled to a continuing temporary total disability from the date of the accident. Petitioners herein also filed a petition for a rehearing, claiming that the decision of May 28, 1925, fixing a condition of permanent disability of twenty-six and one-fourth per cent, had become final; that there was never any change in applicant's condition or subsequent thereto and the adjudication had therefore become *res adjudicata* as to both parties; that the later decision upon rehearing, entered September 28, 1926, reaffirmed this previous final

award and found specifically that the injury did not require further medical treatment and that this award also became final and binding upon the parties. On August 2, 1927, the Commission entered an order denying a rehearing to each party. It is here claimed in support of the present petition that the Commission in rendering said decision upon rehearing and in entering said award against petitioners acted without and in excess of its powers, as the evidence shows without conflict that the condition of the ankle did not change after May 28, 1925, at which time it was held that medical attention was not indicated and that the condition was a permanent one; that this adjudication became final and it was reaffirmed on September 20, 1926, which decision also became final; that it was specifically found in the latter decision that no further medical or surgical aid should be given, and that there had been no change in the condition of the applicant's foot; that the entire issue therefore had become *res adjudicata*. Since the filing of this petition our supreme court has had occasion to construe section 20 (d) of the act of 1917 (Stats. 1917, p. 850), enlarging the continuing jurisdiction of the Commission beyond that which had obtained under the act of 1913 (Stats. 1913, p. 279). In the case of *Bartlett Hayward Co.* v. *Industrial Accident Commission,* 203 Cal. 522 [265 Pac. 195], it is held that the legislature by the enactment of section 20 (d) of the Workmen's Compensation Act of 1917 enlarged the continuing jurisdiction of the Industrial Accident Commission beyond that which had obtained under the act of 1913, so as to embrace the power of the Commission to rescind, alter, or amend its orders, decisions, and awards within the period of 245 weeks upon good cause appearing, without the necessity of any showing that the applicant's disability had recurred, increased, diminished, or terminated. The decision is here controlling. Further objection is made to the award because of the fact that the Commission has awarded the applicant both permanent and temporary disability for the same condition. As between temporary and permanent disability the applicant was entitled to the greater of the two, and this is all he has been awarded. (*National E. Corp.* v. *Industrial Acc. Com.,* 193 Cal. 422 [225 Pac. 2].) The award is affirmed.

Knight, J, and Cashin, J., concurred.