In the Matter of the Claim of TONY VINCENT, Respondent, against ALLERTON HOUSE COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 19, 1930.

*Barnett Cohen [William E. Lyons* of counsel], for the appellants.

*Hamilton Ward, Attorney-General [E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

PER CURIAM. There has been a protracted temporary total disability award added to a previous permanent partial disability award for sixty per cent loss of use of an eye (222 App. Div. 844), both resulting from the same injury. The additional award is for seventy-one and one-third weeks, being the excess of temporary total disability over the period of twenty weeks allowed for the eye, as provided in subdivision 4-a of section 15 of the Workmen's Compensation Law (added by Laws of 1924, chap. 500). Assuming, without deciding, that this is a reclassification of disabilities within the meaning of subdivision 6-a of section 15 of the Workmen's Compensation Law, as construed in *Matter of Schaefer* v. *Buffalo Steel Car Co.* (250 N. Y. 507), the question is whether such subdivision, which was added two years after this accident occurred, may be given retroactive effect. We think not. Prior to that the Board had continuing power to revise its awards and decisions without this limitation (Workmen's Compensation Law, §§ 22, 123). The amendment by chapter 557 of the Laws of 1927, by which subdivision 6-a was inserted in said section 15, was a limitation on the power of the Board which was substantive in character and not merely procedural. To apply the amendment retroactively would cut off a substantial right to an award for additional compensation after a period of one year had already run from the date of the accident, as in this case. We cannot believe that the Legislature intended any such result.

The award should be affirmed, with costs to the State Industrial Board.

HINMAN, Acting P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Award affirmed, with costs to the State Industrial Board.