In the Matter of the Claim of ALBERT ALDER, Respondent, against AMSTERDAM BUILDING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department; November 19, 1930.

*Bond, Schoeneck & King* [*Robert E. Dineen* of counsel], for the appellants.

*Charles J. Yorkey*, for the claimant, respondent.

*Hamilton Ward*, Attorney-General [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

PER CURIAM. The Board found, upon sufficient evidence, that claimant's injuries caused him to be temporarily totally disabled from September 10, 1923, the date of his accident, to January 5, 1927, and permanently partially disabled from January 5, 1927, to September 28, 1927, when he was still permanently partially disabled, and continued the case.

The Board, also, rescinded an award, dated July 6, 1928, for for two and two-thirds weeks at twelve dollars and sixty-seven cents per week, total thirty-three dollars and seventy-eight cents, less forty-five cents for temporary partial disability. By that award it had rescinded one made September 28, 1927, for the period, and the amount of the present award, with a continuance of the case, but based upon partial disability.

The procedure was under former paragraph u of subdivision 3 (now paragraph v of subdivision 3) of section 15 of the Workmen's Compensation Law, and the only question is whether or not the Board reclassified the disability contrary to the provisions of subdivision 6-a of section 15 of the Workmen's Compensation Law (added by Laws of 1927, chap. 557).

Claimant was a carpenter and on September 10, 1923, sustained a broken back, a broken neck and broken ribs, in his work, by falling down an elevator shaft into the basement, two stories below.

The employer made payments to and including January 4, 1927, at the maximum compensation limit of $20 per week, for 173 weeks and 2 days, amounting to $3,466.67, as for temporary total disability.

The record does not show any awards for the payments.

On September 28, 1927, the Board made the said award for the amount and covering the period of the present one at the decreased rate, and continued the case.

The amount $481.46, added to the previous payments, was in excess of the sum of $3,500, which was the limit for temporary partial disability until October 1, 1927, when it became $4,000. (Workmen's Compensation Law, § 15, subd. 5, as amd. by Laws of 1927, chap. 555.)

Thereupon, and on July 6, 1928, the Board rescinded that award and made a new one for temporary partial disability, for two and two-thirds weeks, at the reduced rate, total $33.78, and deducted 45 cents, so as to produce the sum of $3,500, and closed the case. This was paid. Later, upon a reopening, the present award was made.

The payments, made by the employer, were on the theory of temporary total disability.

The award of September 28, 1927, does not state the character

of the disability, whether permanent or temporary, but indicates that it was partial.

The award of July 6, 1928, was for temporary partial disability. The one under consideration is for permanent partial disability.

Subdivision 6-a of section 15 of the Workmen's Compensation Law, which became effective July 1, 1927, authorizes the Board, within one year from the date of accident, upon its own motion, or on application of any party in interest, to reclassify a disability upon proof that there has been a change in condition, or that the previous classification was erroneous and not in the interest of justice.

Unless the section is retroactive, it does not apply to this case, because the accident here happened in 1923, namely, four years before the section went into effect.

The limitation therein is substantive in character and, if it is to be applied retroactively, a substantial right will be cut off. Nothing in the section indicates such an intent. We think that the section is not retroactive. (*Hollenbach* v. *Born*, 238 N. Y. 34, 38.) We have so decided in a case handed down at this term. (*Vincent* v. *Allerton House Co.*, 230 App. Div. 583.)

This is not in conflict with what was said in *Schaefer* v. *Buffalo Steel Car Co.* (250 N. Y. 507). There the accident happened in 1921, but the court did not decide and it was unnecessary to decide whether or not the section was retroactive, since that question was not raised and since it appeared that there had not been a reclassification, and that was the sole basis of the decision.

Before the section went into effect, the Board was authorized by sections 22 and 123 of the Workmen's Compensation Law to review orders, decisions and awards at any time and to modify or nullify the same, in the interests of justice. The time was not limited and reviews were frequent.

Thus, in this case, the Board had the power to do what it did, and the award should be affirmed, with costs to the State Industrial Board.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Award affirmed, with costs to the State Industrial Board.