[Civ. No. 4473. Third Appellate District.—December 19, 1931.]

G. E. ARBOGAST et al., Appellants, v. P. R. RICHARD-SON, Respondent.

Fred W. Heath for Appellants.

Kenneth J. Murphey for Respondent.

PLUMMER, J.—The plaintiffs instituted this action for the purpose of obtaining an order restraining the defendant from proceeding with the levy of execution or such other process for the enforcement of a judgment entered in the office of the clerk of the Superior Court of Los Angeles County, based upon an award of the Industrial Accident Commission, said judgment being entered in the office of the clerk of said court pursuant to subdivision A of section 21, of the Workmen's Compensation Insurance and Safety Act (Stats. 1917, p. 851). The defendant's demurrer to the plaintiff's first amended complaint was sustained without leave to amend, and from the judgment of dismissal entered thereafter the plaintiffs appeal.

The complaint sets forth the proceedings had before the Industrial Accident Commission, and also certain court proceedings had in the county of Los Angeles based thereon. It appears from the complaint that the respondent, P. R. Richardson, suffered a severe injury some time during the year 1923, and thereafter filed a petition with the Industrial Accident Commission for compensation under the Workmen's Insurance and Safety Act. A hearing was had thereon, and an award entered in favor of the respondent against the Kern-Torrance Petroleum Corporation. In this

award it is found that the plaintiff had paid to the respondent the sum of $1,044.80. Paragraph VIII of the finding upon which the award was based, after reciting that permanent disability might result from the injury, proceeded to retain jurisdiction of the cause for 245 weeks as provided for by subdivision D of section 20 of the act referred to (Stats. 1917, p. 850).

Nothing having been paid by the Kern-Torrance Petroleum Corporation after filing the award with the clerk of the Superior Court of Los Angeles County, action was begun against the above-named plaintiffs to enforce their liability as stockholders. It appearing that this action was begun after the running of the statute relating to the liability of stockholders, a judgment of nonsuit was entered in favor of the plaintiffs. Thereafter, and within the period of 245 weeks after the injury, the respondent in this action filed a petition with the Industrial Accident Commission praying that the cause be reopened; a further hearing was had and an award based upon permanent liability as shown by the extent of the injury, continuing as of the date of the filing of the petition. This petition for reopening of the cause, among other things alleged that the applicant, at the time of his injury, was employed by the plaintiffs in this action in their individual capacity as well as directors, etc., of the corporation herein mentioned, the allegation in the petition being as follows: "That applicant further alleges that he was employed by the individual defendants named herein, with the exception of C. H. Inman, by themselves, for and on their behalf, and also in their capacity as directors, stockholders and managing agents of the defendant corporation herein; that while in their employ he sustained injuries arising out of, and in the course of his employment, as previously found by the commission." Upon the hearing of this application the commission made and entered an award in favor of the respondent in the sum of $1251.45 against the plaintiffs, severally in this action. The finding of fact by the commission in this particular reads: "P. R. Richardson, applicant, while employed as a driller on October 29, 1923, near Muroc, California, by defendants Kern-Torrance Petroleum Corporation, and W. C. Eichner, W. A. Saylor, Fred W. Heath, G. E. Arbogast, E. J. McLaren, E. C. McLaren and Ira D. Vinton, the sole directors

and sole stockholders of said corporation, each owning one-seventh of all the subscribed capital stock," etc.

Following the entry of this award it was filed in the office of the clerk of the Superior Court of Los Angeles County, by respondent, and execution issued thereon. The purpose of this action was to obtain a judgment annulling this last award and restraining proceedings under the execution issued thereon.

Upon this appeal the appellants base their argument upon the provisions of section 3 of article XII of the Constitution, which reads in part as follows: "Each stockholder of a corporation, or joint stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation or association." And also further contend that the proceedings before the Industrial Accident Commission were barred by the judgment of nonsuit in favor of the stockholders. This contention is based upon the doctrine of *res judicata*.

We do not need to follow the argument of appellants based upon the provisions of section 3 of article XII of the Constitution for the reason that the findings of the Industrial Accident Commission show clearly that the section is inapplicable. The finding of the commission is, as we have stated, that the respondent, while employed, etc., by the defendants Kern-Torrance Petroleum Corporation, and W. C. Eichner, W. A. Saylor, Fred W. Heath, G. E. Arbogast, E. J. McLaren, E. C. McLaren and Ira D. Vinton, was injured while in the course of his employment. The addition of the words "the sole directors and sole stockholders of said corporation, each owning one-seventh of all the subscribed and issued capital stock of said corporation, on said date", is wholly immaterial. These words are simply *descriptio personam* so far as their being directors and stockholders of the corporation was concerned. The finding is not that the respondent was employed by the plaintiffs in this action in their official capacity, but that the respondent was employed by the individual plaintiffs. Whether they were in fact directors or stockholders of the Kern-Torrance Petroleum Corporation has no bearing what-

ever upon their liability, when the finding is to the effect that they were the individual employers of the respondent. [2] The appellants have entirely overlooked the fact that when one is found individually liable as an employer, it does not matter whether he is described as an agent, stockholder, director or by any other name indicating who he is, or whether he occupies any official capacity.

The record further shows that after the entry of the last award in which the plaintiffs were found to be individually liable, application was made to the District Court of Appeal of the Second District for a writ of *certiorari* to review such award, and that the writ was denied.

Section 22 of the Workmen's Compensation Insurance and Safety Act (Stats. 1917, p. 851) reads: "The orders, findings, decisions or awards of the Commission made and entered under section 6 to 31, inclusive, of this act, may be reviewed by the Court specified in section 67 and 68 hereof, and within the time and in the manner therein specified, and not otherwise." The superior court is not mentioned as one of the courts having jurisdiction to review awards made by the Industrial Accident Commission. The language of section 22 of the act would seem to require no construction or citation of authorities. However, we may properly set forth a short quotation from the case of *Thaxter* v. *Finn,* 178 Cal. 270 [173 Pac. 163, 165], to wit: "It seems to us that there can be no question as to the clear intent of the legislature to render awards by the Commission of Compensation and employees on account of injuries alleged to have been received in the course of their employment, free from review or attack of any kind except as proscribed by the Workmen's Compensation Insurance and Safety Act. We do not see how this intent could have been made clearer." In the review provided for the court may inquire as to whether the commission exceeded its jurisdiction. Thus, in this case when the question was presented to the District Court of Appeal of the Second District upon the plaintiff's petition for a writ of *certiorari* that was one of the questions tendered for the consideration of the court, and as stated in the plaintiff's petition, the writ of review was denied.

There remains but one other question to consider, and that is the right of the commission to review its findings and award made in the first instance in this case. It will be remembered that the commission expressly purported to continue its jurisdiction in view of the fact that the circumstances indicated further consideration of the case would be required. Irrespective of this language used in the award, subdivision D of section 20 of the Workmen's Compensation Insurance and Safety Act confers such power upon the commission. It is therein provided that the commission shall have continuing jurisdiction over its orders, decisions and awards for the period of 245 weeks from date of the injury. It may rescind any order, decision or award, or may alter or amend any prior order, decision or award, and such order, decision or award shall have the same effect as provided for original orders, decisions and awards. In this case the plaintiffs were made parties and were given an opportunity to be heard at the time of the hearing upon which the award under consideration in this case was made by the commission. Section 21 of Article XX of the Constitution as amended in 1918 gave the legislature full authority to empower the commission to act just as it has acted in this case. The law is so well settled that the Industrial Accident Commission possesses this power that we only need to cite the following cases: *Bartlett-Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522 [265 Pac. 195], *Globe Indemnity Co.* v. *Industrial Acc. Com.*, 91 Cal. App. 347 [266 Pac. 992], and *C. C. Smith & Co.* v. *Industrial Acc. Com.*, 91 Cal. App. 465 [267 Pac. 122].

From what we have set forth concerning the findings of the Industrial Accident Commission as to the individual liability of the plaintiffs herein, it is likewise unnecessary to review the authorities of the respondent touching the question of stockholders' liability where the stockholders are in fact the corporation.

The judgment is affirmed.

Thompson (R. L.), J., and Preston, P. J., concurred.