MCKINLEY JAMES *v.* WORKMEN'S COMPENSATION APPEAL BOARD.

(No. 8395)

Submitted April 8, 1936.  Decided May 26, 1936.

*Ellison & Ellison* and *Homer Blizzard,* for appellant.
*Charles D. Evans,* for respondent Houston Collieries Co.

LITZ, JUDGE:

McKinley James, as a participant in the State Compensation Fund, seeks the reversal of an order of the State Compensation Appeal Board, which affirms the action of the Compensation Commissioner rejecting application of claimant for total permanent disability rating.

On May 17, 1923, the claimant, while employed as a machine runner by the Houston Collieries Company, in

McDowell County, sustained a compound fracture of the right leg above the ankle. The injury became infected and never healed. He was granted compensation on the basis of a twenty-five per cent disability rating, the monthly payments of which terminated April 23, 1925. In response to further demands of James, the commissioner notified him, August 23, 1927, that the claim was settled. On November 20, 1930, while working for the same employer, claimant was injured by a fall of slate which fractured his pelvis, left foot and one rib. He was removed to Stevens Clinic Hospital at Welch, where he remained for treatment until December 10, 1930. He then returned to his home but for sometime thereafter reported regularly to the hospital for treatment. February 18, 1931, he called the attention of a doctor at the hospital to the right leg, which, on examination, showed a small granular wound at the site of the old fracture. On February 27, 1931, an incision at the wound by a surgeon of the hospital disclosed a chronic osteomyelitis. A sequestrum and inflamed mass was removed. Improvement in the general physical condition of claimant followed, and on August 5, 1931, Doctor Hosmer of the hospital reported that as soon as the leg healed the claimant could go back to work. On September 16, 1931, Doctor Hosmer, at the request of the commissioner, examined the claimant and reported that the leg injury was making slow but satisfactory progress; that the claimant complained of pains in his chest, pelvis and lower extremities, which were limited in motion, and that the fractured pelvis had healed with some upward displacement. He further advised that because of the severity of the injuries, the claimant should be carried on a temporary disability status. On November 30, 1931, Doctor Cochran, local company physician, suggested that the commissioner allow further time before making a permanent award for the 1930 injury which he then considered had caused at least a twenty-five per cent disability. On March 11, 1932, the claimant reported the operation to his leg of February 27, 1931,

and asked for further compensation. March 16, 1932, the commissioner informed James that his claim for the first injury was closed and could not be reopened. June 23, 1932, the claimant, on recommendation of the Stevens Clinic, was given a twenty-five per cent disability rating for the injury of November 20, 1930. This award expired October 27, 1932. On December 10, 1932, James received further treatment to his right leg at the Stevens Clinic. On December 31, 1932, Doctor Cochran reported to the commissioner that the claimant complained of pains in his chest and back for which there was no pathology; that the claimant could not return to work because of the old injury of May 17, 1923; that as the symptoms were all subjective, he could see no probability of lessening them, and that due to the severity of the injuries, James was permanently disabled. On January 6, 1933, the commissioner refused further compensation for the injury of 1930 on the ground that the claimant had been fully compensated for the disability resulting therefrom. In a letter received by the commissioner March 27, 1933, the claimant demanded further consideration. On April 5, 1933, the commissioner replied, stating that the "matter is now before the commissioner." By letter of the same date, the commissioner advised Stewart A. Calhoun, as attorney for the claimant, that James should return for a check-up of his leg, but that the more recent injury had been fully compensated for. April 14, 1933, Doctor Stevens of the Stevens Clinic reported that the claimant had fully recovered from his last injury and that his disability was resulting from the injury of 1923. On April 17, 1933, the claimant requested further relief under a claim for the second injury. May 20, 1933, the claimant made complaint of the leg injury. On July 10, 1933, Calhoun requested further consideration of claimant's disability due to both injuries. July 21, 1933, the commissioner replied to Calhoun, stating he would be pleased to receive a report from Doctor Cochran and a petition showing the progress and development of both injuries. On September 6, 1933, a petition was filed by

Calhoun on behalf of the claimant relating in detail the progress of both injuries and praying for a hearing and total permanent disability rating. September 11, 1933, Doctor Cochran reported that the inability of claimant to work was due entirely to the leg injury. On October 19, 1933, Doctor Shanklin reported that claimant was not permanently and totally disabled, and recommended that he be hospitalized for chronic osteomyelitis of the leg and his disability rating deferred until after the treatment had been tried. A letter from the commissioner to Calhoun, dated October 19, 1933, stated that nothing could be done on either of these claims. An immediate written report to the commissioner by the chief medical examiner of his examination of the claimant on November 22, 1933, stated: "He is markedly disabled and in my opinion he could not possibly return to any manual work. He has, in my opinion, disability beyond that previously granted as the result of both of his injuries." On January 12, 1934, Doctor Edwards of the Stevens Clinic recommended amputation of the right leg. February 23, 1934, the claimant was ordered by the commissioner to report to Doctor Edwards for such treatment as might be necessary to reduce the disability due to the injury of 1923. The leg was amputated below the knee March 1, 1934. On March 8, 1934, an increase of twenty per cent disability was granted for the loss of the leg, making a total of forty-five per cent for the leg injury. This award expired May 11, 1934. On August 20, 1934, claimant wrote the department complaining of pains in the chest and general bad physical condition and requesting an interview with the commissioner. The commissioner replied August 27, 1934, requesting a medical report. Doctor Bracey of the Stevens Clinic reported to the commissioner June 21, 1934, and September 11, 1934, that the claimant complained of nervous spells and shortness of breath; and that the patient attributed all of his complaints to the injury of 1930. On February 15, 1935, the commissioner wrote the claimant refusing to consider any claim based on the injury of 1930 on the

ground that it had been closed over one year. On June 24, 1935, a further petition was filed by the claimant seeking additional compensation commensurate with his present condition. On August 1, 1935, the claimant was told by the commissioner to report to the chief medical examiner for further examination. On August 21, 1935, the examiner reported that the forty-five per cent disability rating covered the loss of the leg, and that as the then complaints of claimant, according to his own statements, were due to the injury of November 20, 1930 (all claims for which the examiner thought had been barred by the statute of limitations), he did not examine the claimant. On September 18, 1935, an order was entered barring the claim for injuries arising out of the accident of 1930, because more than one year had expired since the date of the last payment, and stating that the loss of the leg had been fully compensated for. The appeal board affirmed this ruling, saying in addition, that the 1923 injury is not shown to have caused permanent disability.

The claimant asserts he is permanently and totally disabled by reason of the injuries of 1923 and 1930. Assuming that further compensation for the disability which may be shown to have resulted solely from the injuries of 1930, is barred by section 16, article 4, chapter 23, Code 1931 (limiting applications for further compensation in permanent disability cases to one year after the last payment under a previous award), we are of opinion that the disability arising from the injury of 1923 is not necessarily restricted to the percentage rating for the loss of a leg below the knee. This view is predicated on the facts that the original injury became infected, never healed, and caused a chronic osteomyelitis.

We, therefore, reverse the ruling of the Compensation Appeal Board and remand the case for further consideration.

*Reversed and remanded.*