## MUSTANEN v. DIAMOND COAL & COKE COMPANY

(No. 1977; November 24, 1936; 62 Pac. (2d) 287)

For the appellant there was a brief by *Ray E. Lee*, Attorney General; *Thos. F. Shea*, Deputy Attorney General, and *Wm. C. Snow*, Assistant Attorney General, all of Cheyenne, and oral argument by *Mr. Snow*.

For the respondent, there was a brief and the cause was argued orally by *T. S. Taliaferro, Jr.* of Rock Springs.

BLUME, Justice.

The parties herein will be respectively referred to as the employer and the employee. The latter, while in the employ of the former, in a coal mine, was injured on October 27, 1930. He was picking coal in his working place and a small piece of coal flew from the pick-point and embedded in his right eye, rupturing a small blood-vessel and leaving a scar. On February 16, 1931, he was awarded the sum of $88.33 for total disability from October 27, 1930 to December 20, 1930. On January 30, 1933, the parties entered into an agreement stating that the workman had consulted a number of eye specialists and "these specialists have agreed that said scar has caused loss of vision equal to a 50% loss of the right eye. Workman is therefore

entitled to further compensation as follows: Permanent partial disability for a 50% loss of the sight of his right eye, 50% of $1800—$900 in complete and final settlement of any claims arising from said injury." On February 2, 1933 an order of award was entered by the court reading substantially as follows:

"The above matter coming on to be heard by the court on this 2nd day of February, 1933, and the court having heard the evidence finds that the workman was injured on October 27, 1930 while in the employ of the employer; that claim has been made for compensation on account of such injury; that such injury was not caused by the culpable negligence of the employee, and that said injury is described as follows: Piece of coal struck the workman's eye causing temporary total disability, for which he was compensated under the order of this court of February 16, 1931; that said injury has resulted in a permanent partial disability to the extent of the loss of one-half of the sight of the right eye, for which he is now entitled to compensation in the sum of $900 in final settlement, to be paid, however, in monthly instalments according to law. It is therefore ordered that said workman is hereby awarded compensation in the sum of $900 to be paid in monthly instalments."

The sum so awarded was paid, the last instalment of $50 being paid on July 3, 1934. On July 12, 1935, the workman filed a claim for an additional award, claiming that he was permanently totally disabled on account of blindness in both eyes. An amended claim called "Petition to vacate order of award together with claim for additional compensation" was filed on the 7th day of October, 1935. This petition is substantially in the following form:

"Comes now the above named injured workman and represents to the court as follows: That on account of permanent partial disability to his right eye he was awarded $900 payable monthly at the rate of $50 per month, and that final payment was made July 3, 1934;

that the order of said award, dated February 2, 1933, is as follows (here the order of award is copied in full) ; that when said order of award was made the workman was unaware that both of his eyes would get worse and by mistake believed that he had and would suffer only one-half loss of the sight of his right eye, but in truth and in fact the condition of both eyes progressed, increasing the loss of the sight month by month, so that said injured workman became and now is permanently totally disabled as a result of his original injury on October 27, 1930; that at the time of said last order of award, to-wit, February 2, 1933, said injured workman did not know and could not with reasonable diligence have discovered the total extent of his injuries and that the evidence of additional loss of the sight of both eyes and the extent thereof, discovered by him after said last order of award was made, is material and affects materially his substantial rights; wherefore he asks that the order of award of February 2, 1933 be vacated and set aside; that a new trial be had, and that he be allowed an additional compensation for permanent total disability."

On October 15, 1935 the employer filed a demurrer to this petition to vacate, on the grounds that the petition fails to state facts sufficient to constitute a cause of action; that the court has no jurisdiction of the subject matter of the action; that the time has expired when the claimant is by the statute permitted to have a new trial or rehearing in this matter. On December 11, 1935, the court sustained the demurrer filed by the employer, and the workman declining to plead further, judgment was entered dismissing his petition. From that judgment the workman has appealed.

The ultimate question in this case is whether the court was right or wrong in sustaining the demurrer to the petition to vacate the award made on February 3, 1935. While the papers before us show that the parties agreed on the facts, that agreement is not mentioned or embodied in the order for the award, nor is it mentioned in the petition to re-open the case. Neither

does the record show that it was in any way considered by the trial court in sustaining the demurrer herein. It is, accordingly, not before us, and we cannot consider it. Moreover, counsel for the employer have taken an inconsistent position in regard to it. They insist in their original brief that it is binding, unless a direct assault is made upon it and it is set aside by the court. In their supplemental·brief they state that it is but evidence; that an agreed statement of the facts is not an agreement in violation of the provisions of the workmen's compensation act, and that it is merely the judgment, entered in conformity with such agreed statement of facts, which is binding.

Disregarding the agreement, accordingly, we have before us an ordinary award made by the court, and counsel for the employer insist that it is a final judgment under Section 124-140, Rev. St. 1931, which provides that "every award within the meaning of this act is a judicial determination of the rights of the employer, the employee and the accident fund as to all matters involved." That is still the statute, as may be noted by Section 6 of Chapter 129, of the Laws of 1933. We held in Midwest Refining Company v. George, 41 Wyo. 55, 281 Pac. 1005, that an award is a final judgment. And that is undoubtedly the general rule in the absence of a statute to the contrary. 71 C. J. 1195, 1435-1436. But the George case was governed by a law existing prior to 1929. In the latter year the legislature introduced a modification. By Chapter 64 of the Session Laws of that year, it was provided that in case of partial permanent disability for an injury for which no definite amount was provided, but was known to surgery to be permanent partial disability, the amount allowed should be paid monthly, and "provided, however, that the court making such award shall retain jurisdiction of the same until said award shall have been fully paid, with power to modify or

change the amount of the award to conform to any change in the condition of the injured workman." This provision was embodied in Section 124-120, Rev. St. 1931. Subsequently the legislature provided that in every case of partial permanent disability, the award should be payable monthly. Otherwise the provision of the law of 1929 is still on our statute books. See that section as amended in Chapter 100, Session Laws of 1935. Notwithstanding the foregoing modification, counsel for the employer still seem to insist that the award of February 3, 1933 was a final and conclusive judgment. They argue that this modification, and the provision of Section 124-140, supra, must be construed in pari materia. That is correct. But their contention is not in accordance with that rule, for they disregard the modification introduced by the legislature entirely. That cannot be done. It is universally held that under a law like or similar to that of 1929 above mentioned, an award is not final as to the future physical condition of the workman, for the reason that it cannot possibly be foreseen what the future condition may be, and that hence the award is not res judicata on that point or on the amount which, if the condition of the workman should change, should be ultimately awarded. Wysocki v. Bradley & Hubbard Company, 113 Conn. 170, 154 Atl. 431; McLaren v. Ind. Co., 81 Utah 380, 18 P. (2d) 640; Hill v. Bag & Paper Co., (La.) 147 So. 753; Bartlett v. Haywood Company, 203 Cal. 522, 265 Pac. 195; Zager v. Ind. Comm., 40 Ariz. 479, 14 P. (2d) 472; Employer's Mut. Ins. Co. v. Ind. Comm., 65 Colo. 283, 176 Pac. 314; Williams v. U. S. Casualty Co., 47 Ga. App. 508, 170 S. E. 894; Am. Mut. Liab. Ins. Co. v. Hampton, 33 Ga. App. 476, 127 S. E. 155; Southern Drilling Co. v. Daley, 166 Okl. 33, 25 P. (2d) 1082; Patterson Steel Co. v. Bailey, 148 Okl. 153, 298 Pac. 282; Beckwith's Estate, 183 Mich. 323, 329, 149 N. W. 971, Ann. Cas.

1916 E. 886; Amerada Petr. Corp. v. Williams, 134 Okl. 177, 272 Pac. 828; Sharman v. Holliday, (1904) 1 K. B. 235, 240; Radcliffe v. Pacific Etc. Co., (1910) 1 K. B. 685, 688, 3 B. W. C. C. 185; Mead v. Lockhart, 2 B. W. C. C. 398; Boyd, Workmen's Compensation, Sec. 569; 71 C. J. 1437. In Wysocki v. Bradley & Hubbard Co., supra, an award under such a statute is called an "interlocutory" one, and in Hill v. Bag & Paper Company, supra, a "temporary judgment." If, as stated in Employer's Mut. Ins. Co. v. Ind. Comm., 78 Colo. 501, 242 Pac. 988, "this is inexpedient, or its consequences at variance with our ingrained sense of proper judicature, it is a matter for the consideration" of the legislature. Moreover, "a provision in a decree reserving to the employee a right for further compensation, which right is given him by statute * * * is superfluous." 71 C. J. 1195; Walker's Case, 122 Me. 387, 120 Atl. 59; Abrogast, et al. v. Richardson, 119 Cal. App. 316, 6 P. (2d) 98; McLaren v. Ind. Comm., supra. And it has further been held, that a workman's compensation board cannot deprive itself of the jurisdiction given it by statute. 71 C. J. 1450; Walker's Case, supra; Aetna Life Ins. Co. v. Ind. Comm., 73 Utah 366, 274 Pac. 139, 144. And see Rothschild & Co. v. Marshall, 56 F. (2d) 415. That must be equally true where the court takes the place of a commission.

Section 124-120, supra, contains, however, a limitation clause, providing that the award may be reopened, upon change of condition of the workman, only "until said award was made on February 3, 1933. It was fully paid up in July, 1934, and the petition to reopen the award was not filed until a year thereafter. Hence, it is contended by the employer and the attorney general admits, that the employee can have no relief under the foregoing provisions of the statute. See Browner v. Ins. Co., (Tex. Civ. App.) 17 S. W. (2d) 850. By Chapter 100, Laws of 1935, however, Section 124-113

of the Rev. St. 1931 was amended, and at the end of the amendment, the legislature provided:

"Where an award of compensation has been made in favor of the injured employee, an application may be made to the court by either party, any time after one year from the date of the award, for the modification of the amount of the award, on the ground of increase or decrease of incapacity due solely to the injury, or upon the ground of mistake or fraud."

This statute gives an unlimited time for the review of an award, upon the grounds stated in the amendment. The attorney general states that the change is radical and may lead to serious consequences, and suggests that, perhaps, the law prior to 1935 and the 1935 amendment might be construed together, and that the latter might be construed as reading: "Where an award of compensation has been made in favor of an injured employee, an application may be made to the court by either party at any time after one year from the date of the award and before the award has been fully paid," etc. We think, however, that this would be a forced construction. It might in some cases leave an injured workman very little time in which to apply for a review. In case the payments would run for just one year, he would have no right for such review at all.

The question, then, remains, whether the 1935 amendment applies in the case at bar. The employer maintains that it does not. The attorney general states that the employee herein can have no relief, unless the 1935 amendment revived the right of the employee which was barred under Section 124-120, supra, and apparently maintains that it was revived. We shall, accordingly, confine the remainder of this opinion to the contention so made. Whether the position taken by the attorney general .is correct depends upon whether (1) a reinstatement of such right would be constitutional, and if that question were answered in

the affirmative, as to whether (2) the act is retroactive. Courts are agreed that where title to property is acquired by reason of possession and lapse of time, that right cannot be affected by removing or lengthening the period mentioned in the statute of limitation of actions. Note 36 A. L. R. 1317. But the courts are not agreed in the case of debts. Note 36 A. L. R. 1316. Many of the courts, and perhaps the majority, hold that a debt cannot be restored after it is barred. A respectable number, including the Supreme Court of the United States, hold the contrary. 36 A. L. R. 1319-1321. In view of this disagreement we shall not attempt to decide this question, and limit our inquiry to the point as to whether or not the amendment in question is retrospective.

It has been held that if a statute cuts down the period for claiming or re-opening an award, and a sufficient time is given in which the workman may comply with the law previously existing, he is barred if he does not do so within that time. Chicago Board of Underwriters v. Ind. Comm., 332 Ill. 611; Allen v. Mottley, 160 Va. 875, 170 S. E. 412. So a statute cutting down the time for review of an award to one year—when it has previously been unlimited—has been held to apply to past awards, with the one-year-limitation, however, applying to them only from the time of the enactment of the statute. Ireland v. Shipley, 165 Md. 90, 166 Atl. 593. And a statute enlarging the time for review has been held to apply to past awards if the time fixed under a previous law had not expired. Superior Coal Company v. Ind. Comm., 321 Ill. 240; Smolen v. Ind. Comm., 324 Ill. 32. If the time had, however, expired, the rights of the parties have been held to be vested, excluding the application of the amendment. Arnold v. Murdock Company, 314 Ill. 251; 40 A. L. R. 1470 and note. A number of other

cases hold outright that an amending statute cutting down the time for the review of an award does not apply to injuries previously received. Jenkins v. Heaberlin, 107 W. Va. 287, 148 S. E. 117; Carbon Fuel Co. v. State Comp. Comm., 111 W. Va. 639, 163 S. E. 22; Cherry v. State Comp. Comm., 115 W. Va. 180, 174 S. E. 889; Collet v. State Comp. Comm., (W. Va.) 179 S. E. 657; Birmingham v. Coal Co., (N. J. Supp.) 95 Atl. 242; A. P. Smith Mfg. Co. v. Court of C. P., 107 N. J. L. 38, 150 Atl. 774; Vincent v. Allerton House Co., 230 App. Div. 583, 246 N. Y. S. 93; Kelley v. Prouty, 54 Ida. 225, 30 P. (2d) 769; Magnolia Petroleum Co. v. Watking, (Okl.) 57 P. (2d) 622; James v. State Comp. Comm., (W. Va.) 185 S. E. 909. On the same principle it has been held that an amendment enlarging the power of the board in favor of the workman is not retroactive (Nadeau v. Cameron & Joyce, 194 Minn. 285, 260 N. W. 213), and cannot revive a claim of the workman already barred. Ocean Acc. Corp. v. Pruitt, (Tex. Comm., App.) 58 S. W. (2d) 41. The case of McLaughlin v. Hahne & Co., 113 N. J. L. 332, 169 Atl. 542, cited to us by the attorney general, does not shed any light on the subject before us. It merely holds that an amendment to the law providing that an award might be reviewed within two years from the time that the workman received his last payment thereunder applied to a payment of a judgment rendered after the amendment took effect. The decision was obviously right.

It is clear that under none of the principles announced in the foregoing cases can the 1935 amendment of the Wyoming legislature in question be held to be retroactive, but the contrary would be true. Two cases from the State of New York, however, appear not to be in harmony with the cases already cited. It may be noted that we have cited Vincent v. Allerton House, supra, as supporting the rule that the 1935

amendment in question cannot be held applicable here. In that case it appears that the legislature in New York passed, in 1927, a law permitting the industrial commission to re-classify an award within the period of one year, from the time of the injury. The amendment of 1927 was held not to be retroactive and that the law giving the commission an unlimited time to enlarge or diminish the compensation should apply. The case was reversed in 260 N. Y. 522, and the amendment was held to relate to the remedy and not to a right, and that under the wording of the amendment it applied to past as well as to future injuries. The case is in conflict with the other cases above cited, but has no particular bearing in the case at bar, for in that case the remedy was held to apply to merely prospective proceedings. No right which was already barred was involved. But the rule of that case, that the amended act affected only the remedy and not a right, was applied in the later case of Montgomery v. Iron & Steel Company, 236 App. Div. 19. In that case it appears that a reclassification was applied for after one year from the injury, so that the 1927 amendment above mentioned was not applicable, and the right was barred. But the legislature thereafter amended the law extending the time for such reclassification to three years instead of one, and it was held that this amendment affected the claim already barred, the court evidently considering as settled that the last amendment was intended to apply to past as well as to future injuries.

It is not clear in the case at bar that the legislature of this state intended the amendment of 1935 to be retrospective. The language of the amendment does not so indicate. The attorney general has called to our attention the fact that if it was intended to be prospective only it should have read "where an award of compensation shall have been made" etc. That would

have been clearer language. But if we want to construe the language used literally, by reason of the fact that it states "where an award of compensation has been made" etc., then we should be required to hold that the act is retrospective only, and not prospective at all. That, we are satisfied, was not the intention of the legislature. If it had been intended to be retrospective as well as prospective it should have read, strictly speaking, "where an award of compensation has been, or shall hereafter be, made" etc. We must, accordingly, find the solution of the question before us in another direction. It is said in note 67 A. L. R. 298 that "in most jurisdictions, the general rule is laid down, without exception or qualification, that after an action has become barred by an existing statute of limitations, no subsequent legislation will remove the bar or revive the cause of action." The rule so stated is in harmony with most of the cases already cited. And there is the further, well-known rule that retrospective legislation is not favored, and that ordinarily a statute must be construed as prospective only. 59 C. J. 1159-1169. As early as 1878, speaking of a statute of limitations, this court, in Lee v. Cook, 1 Wyo. 418, stated: "The effect of retrospective remedies is inevitable to disturb the interests of involuntary and innocent parties, and to create general distrust of legislation. Hence it is the violent presumption of the court, that whatever language a legislature may use in a remedial statute, it intends for the statute only a future operation, and the presumption will yield only when it is impossible to avoid a retrospective operation." The rule is applicable to workmen's compensation cases. Thus we said in Kittleson v. Hibler, 37 Wyo. 332, 343, 261 Pac. 648, speaking of an amendment to the workmen's compensation laws: "Assuming that the legislature had the power to make the law of 1927 applicable to claims for injuries sustained before its enact-

ment, we should not give it that construction, if it be susceptible of any other." In Virden v. Smith, 46 Nev. 208, 210 Pac. 129, the court said: "Although the Workmen's Compensation act is in derogation of the common law, it is remedial legislation, and should be liberally construed to effectuate its purpose. This class of legislation, however, constitutes no exception to the general rule. It is deemed prospective and not retroactive in its operation. The rule of construction in this regard is of strict application." See also Magnolia Petroleum Co. v. Watkins, supra; 82 A. L. R. 1244, note; 71 C. J. 336. In Riggs v. Lehigh Portland Cement Co., 76 Ind. 308, 131 N. E. 231, the reason of the rule was stated thus: "If the legislature may increase awards, it may also decrease them. To permit subsequent legislation to increase or diminish the compensation specified in awards would be to strike down vested rights. Then no one would be secure. The resulting uncertainty, distrust and confusion would destroy the compensation plan itself." In the case of A. P. Smith Mfg. Co. v. Court of Common Pleas, supra, the court discussed an amendment to a law which gave unlimited time to revise an award, and in part stated as follows:

"There is no room for differing opinion as to the meaning of the second paragraph of section 21 of the act of 1911. It accords to either employer or employee an unlimited time after one year from the time the award became operative for a review based upon change in the incapacity for which the award was originally made. Its object, differing from the ordinary damages recoverable in actions at law, was to mete out justice between employer and employe in the light of future contingencies so that, upon the one hand, an injury, serious today, tomorrow becoming of trifling moment, may not call for continued payments unjust to the employer, or on the other hand that the employe should have redress should injuries ultimately turn out more seriously in future years. In this situa-

tion the legislature in 1919, deeming that some limitation should be placed on the time within which even such changes could be made the basis of review, enacted paragraph h of section 23.

"Interpreting the legislation as we do, the remaining and only question is whether the right accorded to the petitioner by the act of 1911, during the operation of which his employment began and ended and his injury arose, could be affected by subsequent legislation to the detriment of either party. * * * Even if it were competent for the legislature to take from the parties rights accorded as here, legislation to this end must of necessity, being in derogation of the rights of the parties, be so clear and explicit to that end that no intendment could be inferred to the contrary. There is nothing in the amendment of the twenty-third section in 1919 to suggest that a retroactive effect was intended, and for this reason, if not for the more fundamental reason that the impairing legislation was beyond the power of the legislature, the amendment must be construed as not affecting the parties' rights."

If, however, there were any doubt otherwise on the subject at all, we do not see how we can escape the provisions of our statute. Section 112-104, Rev. St. 1931, provides:

"Whenever a statute is repealed or amended such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecutions or proceedings existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The only thing that could have been revived by subsequent legislation would have been the right of the workman to additional compensation. That is a substantive right. If the workman had anything, it was a cause of action or proceeding for such additional

compensation. But by the provisions of the section of the statute just quoted an amendment could not affect it "unless otherwise expressly provided." That in any event cannot be said to be true with the amendment of 1935 in question.

In view of the liberality of the 1935 amendment above mentioned, we should have been glad to reverse the judgment herein, but we are unable to see how, under settled rules of law, it is possible for us to do so. It is, accordingly, affirmed.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.